UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:  19-CV-81700-DMM

HEALTHCARE RESOURCES
MANAGEMENT GROUP, LLC,
a Florida limited liability company,

       Plaintiff,

v.

ECONATURA ALL HEALTHY WORLD,
LLC, MEDTERRA CBD, LLC, REJUVENOL
LABORATORIES, INC. and NOXENO
HEALTH SCIENCES, INC.,

       Defendants.

_____/

## **ANSWER TO AMENDED COMPLAINT**

NOW COMES the Defendant, ECONATURA ALL HEALTHY WORLD, LLC, by and through its undersigned attorney and files this its Answer to Amended Complaint and would state as follows:

1.  Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 1 and would demand strict proof thereof.

2.  Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 2 and would demand strict proof thereof.

3.  Defendant would deny the allegations contained in paragraph 3 and would demand strict proof thereof.

4.  Defendant would deny the allegations contained in paragraph 4 and would demand strict proof thereof.

5.  Defendant would deny the allegations contained in paragraph 5 and would demand strict proof thereof.

6.  Defendant would deny the allegations contained in paragraph 6 and would demand strict proof thereof.

7.  Defendant would deny the allegations contained in paragraph 7 and would demand strict proof thereof.

8.  Defendant would deny the allegations contained in paragraph 8 and would demand strict proof thereof.

9.  Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 9 and would demand strict proof thereof.

10. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 10 and would demand strict proof thereof.

11.  Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 11 and would demand strict proof thereof.

12.  Defendant would deny the allegations contained in paragraph 12 and would demand strict proof thereof.

13.  Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 13 and would demand strict proof thereof.

14.  Defendant would deny the allegations contained in paragraph 14 and would demand strict proof thereof.

15.  Defendant would deny the allegations contained in paragraph 15 and would demand strict proof thereof.

16.  Defendant would deny the allegations contained in paragraph 16 and would demand strict proof thereof.

17.  Defendant would deny the allegations contained in paragraph 17 and would demand strict proof thereof.

18.  Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 18 and would demand strict proof thereof.

19.  Defendant would deny the allegations contained in paragraph 19 and would demand strict proof thereof.

20.  Defendant would deny the allegations contained in paragraph 20 and would demand strict proof thereof.

21.  Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 21 and would demand strict proof thereof.

22.  Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 22 and would demand strict proof thereof.

23.  Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 23 and would demand strict proof thereof.

24.  Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 24 and would demand strict proof thereof.

25.  Defendant would deny the allegations contained in paragraph 25 and would demand strict proof thereof.

26.  Defendant would deny the allegations contained in paragraph 26 and would demand strict proof thereof.

27.  Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 27 and would demand strict proof thereof.

28.  Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 28 and would demand strict proof thereof.

29.  Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 29 and would demand strict proof thereof.

30.  Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 30 and would demand strict proof thereof.

31. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 31 and would demand strict proof thereof.

32.  Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 32 and would demand strict proof thereof.

33.  Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 33 and would demand strict proof thereof.

34.  Defendant would deny the allegations contained in paragraph 34 and would demand strict proof thereof.

35.  Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 35 and would demand strict proof thereof.

36.  Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 36 and would demand strict proof thereof.

37.  Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 37 and would demand strict proof thereof.

38.  Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 38 and would demand strict proof thereof.

39.  Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 39 and would demand strict proof thereof.

40.  Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 40 and would demand strict proof thereof.

41.  Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 41 and would demand strict proof thereof.

42.  Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 42 and would demand strict proof thereof.

43.  Defendant would deny the allegations contained in paragraph 43 and would demand strict proof thereof.

44.  Defendant would deny the allegations contained in paragraph 44 and would demand strict proof thereof.

45.  Defendant would deny the allegations contained in paragraph 45 and would demand strict proof thereof.

46.  Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 46 and would demand strict proof thereof.

47.  Defendant would deny the allegations contained in paragraph 47 and would demand strict proof thereof.

48.  Defendant would deny the allegations contained in paragraph 48 and would demand strict proof thereof.

49.  Defendant would deny the allegations contained in paragraph 49 and would demand strict proof thereof.

50.  Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 50 and would demand strict proof thereof.

51.  Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 51 and would demand strict proof thereof.

52.  Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 52 and would demand strict proof thereof.

53.  Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 53 and would demand strict proof thereof.

54.  Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 54 and would demand strict proof thereof.

55.  Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 55 and would demand strict proof thereof.

56.  Defendant would deny the allegations contained in paragraph 56 and would demand strict proof thereof.

57.  Defendant would deny the allegations contained in paragraph 57 and would demand strict proof thereof.

## COUNT I – VIOLATIONS OF THE FLORIDA UNIFORM TRADE SECRETS ACT
### (Florida Statutes §§688.01 *et seq.*)
### (*against all Defendants*)

58.  Defendant would re-answer all of the allegations contained in paragraphs 1-57 above.

59.  Defendant would deny the allegations contained in paragraph 59 and would demand strict proof thereof.

60.  Defendant would deny the allegations contained in paragraph 60 and would demand strict proof thereof.

61.  Defendant would deny the allegations contained in paragraph 61 and would demand strict proof thereof.

62.  Defendant would deny the allegations contained in paragraph 62 and would demand strict proof thereof.

63.  Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 63 and would demand strict proof thereof.

64.  Defendant would deny the allegations contained in paragraph 64 and would demand strict proof thereof.

65.  Defendant would deny the allegations contained in paragraph 65 and would demand strict proof thereof.

66.  Defendant would deny the allegations contained in paragraph 66 and would demand strict proof thereof.

## COUNT II – VIOLATIONS OF THE DEFEND TRADE SECRETS ACT
### (18 U.S.C. §§1836 *et seq.*)
### *(against all Defendants)*

67.  Defendant would re-answer all of the allegations contained in paragraphs 1-57 above.

68.  Defendant would deny the allegations contained in paragraph 68 and would demand strict proof thereof.

69.  Defendant would deny the allegations contained in paragraph 69 and would demand strict proof thereof.

70.  Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 70 and would demand strict proof thereof.

71.  Defendant would deny the allegations contained in paragraph 71 and would demand strict proof thereof.

72.  Defendant would deny the allegations contained in paragraph 72 and would demand strict proof thereof.

73.  Defendant would deny the allegations contained in paragraph 73 and would demand strict proof thereof.

74.  Defendant would deny the allegations contained in paragraph 74 and would demand strict proof thereof.

75.  Defendant would deny the allegations contained in paragraph 75 and would demand strict proof thereof.

76.  Defendant would deny the allegations contained in paragraph 76 and would demand strict proof thereof.

## COUNT III – VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (Florida Statutes §§501.201 *et seq.*) (against Medterra, EcoNatura and NoXeno)

77.  Defendant would re-answer all of the allegations contained in paragraphs 1-57 above.

78.  Defendant would deny the allegations contained in paragraph 78 and would demand strict proof thereof.

79.  Defendant would deny the allegations contained in paragraph 79 and would demand strict proof thereof.

80.  Defendant would deny the allegations contained in paragraph 80 and would demand strict proof thereof.

81.  Defendant would deny the allegations contained in paragraph 81 and would demand strict proof thereof.

82.  Defendant would deny the allegations contained in paragraph 82 and would demand strict proof thereof.

83.  Defendant would deny the allegations contained in paragraph 83 and would demand strict proof thereof.

84.  Defendant would deny the allegations contained in paragraph 84 and would demand strict proof thereof.

### COUNT IV – TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP
### (against EcoNatura)

85.  Defendant would re-answer all of the allegations contained in paragraphs 1-57 above.

86.  Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 86 and would demand strict proof thereof.

87.  Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 87 and would demand strict proof thereof.

88.  Defendant would deny the allegations contained in paragraph 88 and would demand strict proof thereof.

89.  Defendant would deny the allegations contained in paragraph 89 and would demand strict proof thereof.

90.  Defendant would deny the allegations contained in paragraph 90 and would demand strict proof thereof.

91.  Defendant would deny the allegations contained in paragraph 91 and would demand strict proof thereof.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of February, 2020 I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF and the foregoing document was served on all counsel and/or parties of record by using CM/ECF.

BARRY E. WITLIN, P.A.
Attorney for Defendant,
ECONATURA ALL HEALTHY WORLD, LLC
7805 SW 6th Court
Plantation, FL 33324
Telephone:  954-473-4500
Facsimile:   954-473-1970
E-mail:  witlinlaw@gmail.com
                barrywitlin@gmail.com

BY:   *s/Barry E. Witlin*
        Barry E. Witlin
        FBN:  29994