UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19- 81700-Civ-MIDDLEBROOKS/BRANNON

HEALTHCARE RESOURCES MANAGEMENT
GROUP, LLC, a Florida limited liability company,

     Plaintiff,

vs.

ECONATURA ALL HEALTHY WORLD, LLC, a
foreign limited liability company, MEDTERRA
CBD, LLC, a foreign limited liability company,
REJUVENOL LABORATORIES, INC., a foreign
corporation, and NOXENO HEALTH SCIENCES,
INC., a foreign corporation,

     Defendants.

_____/

## PLAINTIFF'S UNOPPOSED MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER

Plaintiff, HEALTHCARE RESOURCES MANAGEMENT GROUP, LLC ("HCRMG"),

by and through undersigned counsel, pursuant to Rule 26(c), Federal Rules of Civil Procedure,

hereby moves on an unopposed basis for entry of the Stipulated Protective Order ("SPO")

attached hereto as exhibit "A":

I.    Legal Standard

Rule 26(c)(1) provides in pertinent part:

> "…The court may, for good cause, issue an order to protect
> a party or person from annoyance, embarrassment,
> oppression, or undue burden or expense, including one or
> more of the following: …
>
> (G) requiring that a trade secret or other confidential
> research, development, or commercial information not be
> revealed or be revealed only in a specified way …"

II.      Argument

Among other claims, Plaintiff is pursuing recovery within this action for the alleged misappropriation of its trade secret formula for HCRMG's proprietary CBD Cream. These claims and the defenses thereto necessarily contemplate the exchange of information concerning Plaintiff's formula as well as that sold by the Defendants. Accordingly, the parties have collectively stipulated to the protective order attached hereto as exhibit "A", which is intended to provide procedures to safeguard confidential information on behalf of any party. Entry of the SPO will therefore facilitate the open exchange of information otherwise maintained as confidential while simultaneously preserving the confidentiality of such information. Because Rule 26(c)(1)(G) expressly contemplates entry of a protective order under such circumstances, Plaintiff maintains that good cause exists for entry of the SPO.

III.     Local Rule 7.1(a)(3)

Plaintiff has conferred with respective counsel for all Defendants and is authorized to represent that the relief herein sought is unopposed.

**Rosenthal Rosenthal Rasco LLC**
One Aventura, 20900 N.E. 30th Avenue, Suite 600, Aventura, Florida 33180
305.937.0300 / Fax: 305.937.1311

WHEREFORE, Plaintiff respectfully requests entry of the Stipulated Protective Order

attached hereto as exhibit "A," and such other and further relief this Court deems just and proper.

> ROSENTHAL ROSENTHAL RASCO LLC
> Counsel for Plaintiff
> ONE AVENTURA EXECUTIVE CENTER
> 20900 N.E. 30th Ave., Suite 600
> Aventura, FL 33180
> Phone:  305-937-0300
> Facsimile: 305-937-1311

> By:    /s/Steve M. Bimston, Esquire
>        EDUARDO I. RASCO, ESQ.
>        Florida Bar No. 646326
>        eir@rrrlaw.com
>        STEVE M. BIMSTON, ESQ.
>        Florida Bar No. 179205
>        smb@rrrlaw.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th day of March, 2020 I electronically filed the

foregoing with the Clerk of Court using CM/ECF thereby ensuring electronic notification of

same to all parties of record.

> ROSENTHAL ROSENTHAL RASCO LLC
> Counsel for Plaintiff
> ONE AVENTURA EXECUTIVE CENTER
> 20900 N.E. 30th Ave., Suite 600
> Aventura, FL 33180
> Phone:  305-937-0300
> Facsimile: 305-937-1311

> By:    /s/Steve M. Bimston, Esquire

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19- 81700-Civ-MIDDLEBROOKS/BRANNON

HEALTHCARE RESOURCES MANAGEMENT
GROUP, LLC, a Florida limited liability company,

      Plaintiff,

vs.

ECONATURA ALL HEALTHY WORLD, LLC, a
foreign limited liability company, MEDTERRA
CBD, LLC, a foreign limited liability company,
REJUVENOL LABORATORIES, INC., a foreign
corporation, and NOXENO HEALTH SCIENCES,
INC., a foreign corporation,

      Defendants.

_____/

## STIPULATED PROTECTIVE ORDER

Subject to the approval of this Court, Plaintiff, HEALTHCARE RESOURCES MANAGEMENT

GROUP, LLC ("Plaintiff" or "HCRMG") and Defendants, ECONATURA ALL HEALTHY WORLD,

LLC ("EcoNatura"), MEDTERRA CBD, LLC ("Medterra"), REJUVENOL LABORATORIES, INC.

("Rejuvenol"), and NOXENO HEALTH SCIENCES, INC. ("NoXeno") (hereinafter referred to

individually as "Party" and collectively as "Parties"), hereby stipulate to the following Protective Order:

## I.      DEFINITIONS

A.      The term "Party" (Parties) shall mean Plaintiff or Defendants, or any other entity who

appears in this lawsuit as a Party.

B.      The term "Non-Party Owner' is a person or entity who is not a Party and owns or

possesses confidential or proprietary information, discovery of which is being or has been sought by one

or more Parties to this litigation.

C.      The term "Supplying Owner' is a Non-Party Owner whose CONFIDENTIAL

MATERIAL is within the possession or control of a Party.

D.      The term "document" is used in a comprehensive sense to include any matter that is

printed, recorded, microfilmed, electronically stored, or reproduced by any process, or written or produced by hand and is intended to be co-extensive with use of the word "document" in Federal Rule of Civil Procedure 34. Documents also shall include legal briefs, memoranda and any other paper filed with this Court.

   E. The term "communication" shall mean any exchange of information in any form including, without limitation, letters or other documentary forms, electronically conveyed messages, telephone conversations, oral conversations, interviews, and meetings.

   F. The term "thing" is intended to be co-extensive with the word "thing" contained in Federal Rule of Civil Procedure 34 to include, without limitation, any tangible thing containing or exhibiting any information or communication or having the ability to convey or exhibit the same through any medium.

   G. The term "Confidential Information" shall mean information, in whatever form, in the possession of a Party or Non-Party Owner that contains trade secrets, technical know-how, other business data or any other confidential or proprietary information which, at the time the information is requested, is maintained in confidence and/or in which the Party or Non-Party Owner maintains a proprietary interest, including test results or other information derived from tests or inspections by the Non-Party Owner of proprietary documents or things.

   H. The term "Qualified Person" shall mean any one of the following:

     (1) the attorneys of record and other outside attorneys for Plaintiff, their legal assistants and support staff members;

     (2) the attorneys of record and other outside attorneys for Defendants, their legal assistants and support staff members;

     (3) the outside attorneys of a Non-Party Owner or a Supplying Owner, their legal assistants and support staff members;

     (4) designated independent experts and/or consultants who are non-employees of the

Parties retained or consulted by each Party solely for the purpose of assisting in this action;

       (5)  the Court and any Court staff who are assisting the Court in this litigation; and

       (6)  any other person agreed to by the Parties and/or Non-Party Owner, or allowed by the Court.

I.       For purposes of this Order, "CONFIDENTIAL MATERIAL" means Confidential Information which has been designated by a Party or Non-Party Owner as "CONFIDENTIAL MATERIAL", including information which has not been made public and which concerns, contains or relates to the processes, operations, type of work, or apparatus, or to the production, type and volume of sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.

J.       For purposes of this Order, "ATTORNEY'S EYES ONLY MATERIAL" means any Confidential Information which has been designated by a Party or Non-Party Owner as "ATTORNEY'S EYES ONLY MATERIAL", specifically consisting of proprietary chemical formulations that the producing Party or Non-Party Owner reasonably believes could cause competitive harm, through its use in business and/or patent prosecution, if disclosed to an owner, director, officer, employee, or competitive decision maker of the receiving Party.

K.       The term "Order" means this Stipulated Protective Order.

## II.    IDENTIFICATION AND MARKING OF CONFIDENTIAL AND ATTORNEY'S EYES ONLY MATERIAL

1.       In connection with the discovery proceedings in this action, the Parties may designate any document, data, communication, thing, testimony or other information produced or derived therefrom (collectively, "Material"), as "CONFIDENTIAL MATERIAL" or "ATTORNEY'S EYES ONLY MATERIAL", as applicable.

{W0513310.1}       3

2.          Material shall be designated as "CONFIDENTIAL MATERIAL" or as "ATTORNEY'S EYES ONLY MATERIAL," as applicable, by stamping or otherwise clearly designating copies of the documents or things produced to a Party with the legend "CONFIDENTIAL MATERIAL" or "ATTORNEY'S EYES ONLY MATERIAL," as applicable.  Stamping the legend "CONFIDENTIAL MATERIAL" or "ATTORNEY'S EYES ONLY MATERIAL" on the cover of any multi-page document shall designate all pages of the document as "CONFIDENTIAL MATERIAL" or "ATTORNEY'S EYES ONLY MATERIAL," unless otherwise indicated by the producing Party. In the case of documents to be exchanged in electronic form, such as on a USB drive, DVD, or other similar type of device, it is sufficient to label said device with the legend "CONFIDENTIAL MATERIAL" or "ATTORNEY'S EYES ONLY MATERIAL", such that all electronic versions of said documents will be treated as containing Confidential Information.   In the case of communications and things, CONFIDENTIAL MATERIAL that cannot be physically labeled as such shall be so designated by the Party or Non-Party Owner by serving a written notice on the receiving Party and the Court if introduced as an exhibit at any court proceeding. As an alternative to the "CONFIDENTIAL MATERIAL" or "ATTORNEY'S EYES ONLY MATERIAL" markings, the producing Party or Non-Party Owner may utilize any pre-existing designation indicating the specific type of protected information contained in the document or thing.

3.          Any claim of confidentiality shall be made at the time the document, communication, thing or copy is produced. The inadvertent or unintentional disclosure of Confidential Information during the course of this litigation, without designating it as "CONFIDENTIAL MATERIAL" or "ATTORNEY'S EYES ONLY MATERIAL" at the time of disclosure, shall not be deemed a waiver in whole or in part of a claim that the disclosed information is confidential, either as to the specific information disclosed or as to any other information relating thereto. In the event of an inadvertent or unintentional disclosure, counsel shall immediately take appropriate action to cure the violation and retrieve any Confidential Information from any person not covered by the Order.  The restrictions and obligations relating to "CONFIDENTIAL MATERIAL" or "ATTORNEY'S EYES

ONLY MATERIAL" shall not apply to any information which is not so marked, except as set forth above, and shall not apply to any information which the Parties or Non-Party Owner agree, or the Court rules, is within (a) the public knowledge, or (b) becomes public knowledge other than as a result of disclosure by a recipient subject to this Protective Order or (c) which has come into the possession of the recipient other than as a result of disclosure as Confidential Information in this litigation.

   4.  A claim of confidentiality must be made in good faith.

   5.  Testimony taken at a deposition or a court proceeding may be designated as "CONFIDENTIAL MATERIAL" or "ATTORNEY'S EYES ONLY MATERIAL" by making a statement to that effect on the record at the deposition or other proceeding.  Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as "CONFIDENTIAL MATERIAL" or "ATTORNEY'S EYES ONLY MATERIAL", and to label such portions appropriately.  The testimony and the transcript of that testimony are to be treated as confidential until thirty (30) days after receipt of the transcript by counsel for the disclosing Party.  At that time, the transcript, to the extent not designated as "CONFIDENTIAL MATERIAL" or "ATTORNEY'S EYES ONLY MATERIAL" via written notice served on other counsel, shall be considered non-confidential unless otherwise agreed to in writing by counsel for the Parties or as ordered by the Court. Where substantially all of a transcript contains Confidential Information, the entire transcript may be marked as "CONFIDENTIAL MATERIAL" by placing an indication of the same on the cover of the document.

   6.  If a Party initially makes documents or things available for inspection rather than producing such documents or things directly to the requesting Party, no marking need be made in advance of the inspection. For the purposes of the inspection, all documents, communications and things shall be treated as containing Confidential Information. After the receiving Party has selected specified documents for copying or things for further inspection, the producing Party shall appropriately mark the selected documents or the selected things as "CONFIDENTIAL MATERIAL" or "ATTORNEY'S EYES ONLY

MATERIAL" before they are copied or further inspected.

### III. LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL INFORMATION

7.       Material designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as "CONFIDENTIAL MATERIAL" or "ATTORNEY'S EYES ONLY MATERIAL" shall be used only for purposes of the prosecution, defense, or settlement of this action, and for no other purpose. The Parties shall not disclose any Confidential Information obtained in the course of this action, or information derived therefrom, to anyone other than a Qualified Person and in accordance with the provisions set forth in this Order.

8.       "CONFIDENTIAL MATERIAL" produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a Party (including the paralegal, clerical, and secretarial staff employed by such counsel), to a Party, to a Supplying Owner, and to "Qualified Persons", as that term is defined in paragraph H of Article I.

9.       "ATTORNEY'S EYES ONLY MATERIAL" shall be disclosed only to the Court, to outside counsel for the Parties (including the paralegal, clerical, and secretarial staff employed by such counsel), a Supplying Owner and to "Qualified Persons," and shall not be disclosed to a Party, or to an officer, director, agent or employee of a Party, unless otherwise agreed to in writing or ordered by the Court. If disclosure of "ATTORNEY'S EYES ONLY MATERIAL" is made pursuant to this paragraph, all other provisions in this Order with respect to confidentiality shall also apply. Further, if a Party designates one of its officers, directors, agents or employees, as an expert or consultant, that expert or consultant is not entitled to have access to "ATTORNEY'S EYES ONLY MATERIAL."

10.       Before a receiving Party may disclose a producing Party's or Non-Party Owner's "CONFIDENTIAL MATERIAL" or "ATTORNEY'S EYES ONLY MATERIAL" to any Qualified Person other than counsel for a Party, their independent expert(s) and/or consultant(s), or the Court, the Party seeking to make the disclosure shall first give advance written notice to the producing Party or Non-

Party Owner.  This written notice shall include the name of the individual receiving the disclosure, his or her address, and a signed copy of the statement attached hereto as Exhibit "A".  This written notice shall be provided to counsel for the producing Party or Non-Party Owner ten (10) days in advance of the disclosure to afford counsel an opportunity to object to the disclosure.  If an agreement regarding the disclosure of such "CONFIDENTIAL MATERIAL" or "ATTORNEY'S EYES ONLY MATERIAL" cannot be reached, the Party or Non-Party Owner objecting to the disclosure shall move the Court for a protective order. Objections to the disclosure of Confidential Information to a Qualified Person shall not be unreasonably made.

      11.      Any Qualified Person may discuss Confidential Information with any other person only to the extent that said other person is also a Qualified Person as to that Confidential Information, or such other person has already had access to such Confidential Information, independent of any disclosure as CONFIDENTIAL MATERIAL or ATTORNEY'S EYES ONLY MATERIAL within this litigation. Likewise, this Stipulated Protective Order shall not prohibit any person from reviewing particular Confidential Information to the extent that said person had a right to review such Confidential Information independent of any disclosure of it as CONFIDENTIAL MATERIAL or ATTORNEY'S EYES ONLY MATERIAL within this action.

      12.      A document that contains or reveals Confidential Information may be shown to any person indicated in such document to be its originator or author or the recipient of a copy. Confidential Information may be disclosed to a witness testifying under oath if (a) the witness was an officer, director, or employee of the Party who produced such Confidential Information or (b) the witness had access to such Confidential Information during the period of his or her service or employment.

      13.      Confidential Information may be disclosed to stenographic reporters, official court reporters, and their assistants who are engaged for depositions or trial in this case. Although they need not be informed of this Order, they shall agree to preserve all such information in confidence.

## IV.  CHALLENGING A DESIGNATION

14.      A Party shall not be obligated to challenge the propriety of a CONFIDENTIAL

MATERIAL or ATTORNEY'S EYES ONLY MATERIAL designation at the time made, and a failure to

do so shall not preclude a subsequent challenge thereto. In the event that a Party disagrees at any time

with a designation made by another Party, Non-Party Owner or a Supplying Owner, the Parties shall

make a good-faith attempt to resolve the dispute on an informal basis. If the Parties cannot resolve the

dispute within ten (10) days after a designation has been challenged, the objecting Party may seek

appropriate relief from the Court, and the designating Party shall have the burden of proving that the

CONFIDENTIAL MATERIAL or ATTORNEY'S EYES ONLY MATERIAL designation is proper,

except an objecting Party shall have the burden of proving that the Confidential Information (a) became

publicly known other than through a violation of this Order, (b) was acquired from a third party having

the right to disclose such information, or (c) was lawfully possessed by the objecting Party prior to the

entry of this order.

15.      If a Party disputes or challenges the designation of any information as

CONFIDENTIAL MATERIAL or ATTORNEY'S EYES ONLY MATERIAL, such information shall

nonetheless be treated as CONFIDENTIAL MATERIAL or ATTORNEY'S EYES ONLY MATERIAL

in accordance with the provisions of this Order until such designation has been removed by order of the

Court or by written consent of the designating Party, Non-Party Owner or Supplying Owner. No Party

hereto, merely by virtue of the entry of this Stipulated Protective Order, waives any right it may otherwise

have to object on any ground to the admission into evidence of any Confidential Information at the trial of

this action.

16.      Neither this Order nor any action taken by any Party or Non-Party Owner

pursuant to this Order shall be deemed to have the effect of an admission or waiver of objection by such

Party or Non-Party Owner, as to any fact or procedural matter other than in regard to whether information

is or is not Confidential Information. Nor shall this Order alter any existing obligation of any Party or

Non-Party Owner. Further, nothing in this Order shall foreclose any Party or Non-Party Owner from opposing production of any information for any other reason, such as privilege, lack of relevance, or any ground other than the assertion that such information is Confidential Information.

### V. HANDLING AND USE OF
### CONFIDENTIAL INFORMATION

17.        Only persons authorized to receive "CONFIDENTIAL MATERIAL" or "ATTORNEY'S EYES ONLY MATERIAL" may attend the portions of the depositions pertaining to such information, unless the Parties expressly agree to waive this stipulation.  Except as provided herein, depositions may be taken in the presence of any persons, but any Party may request that non-qualified persons leave the room for responses containing "CONFIDENTIAL MATERIAL" or "ATTORNEY'S EYES ONLY MATERIAL."

18.        All documents, information, or testimony filed with the Court by either Party to this action which have previously been designated by the disclosing Party as being "CONFIDENTIAL MATERIAL" or "ATTORNEY'S EYES ONLY MATERIAL", and all items which reveal the content of such documents, information, and testimony, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the following:

CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO STIPULATED PROTECTIVE
ORDER ENTERED ON [Date of Entry of ORDER]

along with an indication as to the contents of such sealed envelope or other container and filed under seal until further Order of this Court, to the extent not inconsistent with the Local Rules of the United States District Court for the Southern District of Florida (the "Local Rules"). In the event of any conflict, the Local Rules shall be controlling to the extent practical and in keeping with the agreement of the Parties.

19.        In the event any "CONFIDENTIAL MATERIAL" or "ATTORNEY'S EYES ONLY MATERIAL" is used in any Court proceeding in this action, it shall not lose its confidential status through such use, and the Party using such material shall take all steps reasonably available to protect its confidentiality during such use. Notwithstanding the foregoing, however, no designation as

"CONFIDENTIAL MATERIAL" or "ATTORNEY'S EYES ONLY MATERIAL" shall be grounds for blocking the admissibility of otherwise relevant and non-objectionable evidence.

20.      This Order shall be without prejudice to the right of the Parties and Non-Party Owners (i) to bring before the Court at any time the question of whether any particular document or information qualifies as "CONFIDENTIAL MATERIAL" or "ATTORNEY'S EYES ONLY MATERIAL" or whether its use should be restricted; or (ii) to present a motion to the Court under Fed.R.Civ.P. 26(c) for a separate protective Order as to any particular document or information, including restrictions differing from those as specified herein.  This Order shall not be deemed to prejudice the Parties or Non-Party Owners in any way in any future application for modification of this Order.

21.      This Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by any Party or of altering the confidentiality or non-confidentiality of any document or information or altering any existing obligation of any Party or the absence thereof as to any document or information.

22.      This Order shall not restrict the right of any Party to publish, disseminate or otherwise release any document that it has produced or designated.

### VI.      DISPOSAL, RETURN OR DESTRUCTION OF CONFIDENTIAL INFORMATION

23.      This Order shall survive the final termination of this action, to the extent that the information contained in CONFIDENTIAL MATERIAL or ATTORNEY'S EYES ONLY MATERIAL is not or does not otherwise become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Upon termination of this case, counsel for the Parties shall assemble and return to each other all documents, material and deposition transcripts designated as "CONFIDENTIAL MATERIAL" or "ATTORNEY'S EYES ONLY

MATERIAL" and all copies of same, or shall certify the destruction thereof. In addition, counsel for the Parties shall delete all electronic documents designated as "CONFIDENTIAL MATERIAL" or "ATTORNEY'S EYES ONLY MATERIAL" and shall certify the deletion thereof.

24.     Any portion of the official record that contains Confidential Information shall be exempt from the provisions of paragraph 25, but such portion of the official record shall remain under seal. The length of time during which sealed material filed with the Court should continue to be protected shall be reviewed by the Court with the Parties at the conclusion of this case.

25.     Counsel of record for each Party who employed a stenographic reporter to transcribe any deposition during which Confidential Information was discussed shall arrange for the destruction of such reporter's notes and any copies of documents or transcripts retained by the reporter, not later than ninety (90) days after the unappealed or unappealable final judgment or settlement of the present action.

## VII.   GENERAL PROVISIONS

26.     This Order shall be without prejudice to the right of any Party to seek from the Court (upon reasonable notice to each other Party) greater or additional protection for any Confidential Information than is provided in this Order.

27.     The Court shall have, and shall retain, jurisdiction over the Parties and any Qualified Persons who received Confidential Information over the course of this action for purposes of enforcing the provisions of this Order after this action is terminated.

28.     In the event that a new Party is added or substituted, this Order will be binding on and inure to the benefit of the new Party, subject to the right of the new Party to seek relief from or modification of this Order.

29.     This Order represents the complete and entire stipulation between the Parties with respect to the disclosure of Confidential Information and may be amended only by further order of the Court.

30.        The provisions of this Order shall survive and remain in full force and effect after the termination of this suit.

31.        All notices under this Order shall be served on counsel of record for the Parties. All notices shall be served by (a) email with a confirming copy by first class mail, (b) courier, or (c) overnight delivery. For purposes of this Order, said notice shall be effective the next business day after said notice was emailed.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this _____ day of _____, 2020.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE