UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19- 81700-Civ-MIDDLEBROOKS/BRANNON

HEALTHCARE RESOURCES MANAGEMENT
GROUP, LLC, a Florida limited liability company,

    Plaintiff,

vs.

ECONATURA ALL HEALTHY WORLD, LLC, a
foreign limited liability company, MEDTERRA
CBD, LLC, a foreign limited liability company,
REJUVENOL LABORATORIES, INC., a foreign
corporation, and NOXENO HEALTH SCIENCES,
INC., a foreign corporation,

    Defendants.
_____/

## PLAINTIFF'S RENEWED[1] MOTION TO MODIFY PRETRIAL SCHEDULING ORDER AND ORDER REFERRING CASE TO MEDIATION

Plaintiff, HEALTHCARE RESOURCES MANAGEMENT GROUP, LLC ("HCRMG"), by and through undersigned counsel, pursuant to Rule 16(b)(4), Federal Rules of Civil Procedure, hereby moves to modify the Court's January 17, 2020 Pretrial Scheduling Order and Order Referring Case to Mediation ("Scheduling Order", D.E. 7):

    I.    Legal Standard

Rule 16(b)(4) contemplates schedule modification "only for good cause and with the judge's consent." Although the Rule omits a definition of what constitutes "good cause", both the Eleventh Circuit Court of Appeals as well as this Court have previously recognized that the advisory committee note reflects that good cause is present where the schedule at issue "cannot reasonably be met despite the diligence of the party seeking the extension." *See* Green Island

---

[1] Plaintiff initially moved for modification of the Scheduling Order on February 5, 2020 (D.E. 8) and the Court denied the relief requested therein via Paperless Order (D.E. 9) entered on February 6, 2020.

{W0528552.1}

Holdings, LLC v. British American Isle of Venice (BVI), Ltd., 521 Fed.Appx. 798, 800 (11th Cir.2013 ("This court has considered the diligence of the party seeking leave to amend a factor in the good cause analysis"); De Varona v. Discount Auto Parts, LLC, 285 F.R.D. 671, 672-73 (S.D.Fla. 2012) ("In short, diligence is the key to satisfying the good cause requirement").

    II.    Good Cause Exists to Modify the Scheduling Order

HCRMG initially emphasizes that it brings this renewed Motion reluctantly and with full awareness of the Court's preference for maintaining the deadlines currently established by the Scheduling Order, as modified[2]. The Court's Paperless Order entered on March 10th (D.E. 32) made clear that the current discovery deadline of May 18, 2020 will not be extended "absent exceptional circumstance[s]" and that all other deadlines remained in place.

Nevertheless, Plaintiff submits that the exceptional circumstances contemplated by the Court's March 10th Order have now occurred: namely, the ongoing global COVID-19 pandemic. As a direct result of this viral outbreak, Chief District Judge Moore issued Administrative Order 2020-18 on March 13, 2020 which continued all jury trials scheduled to begin between March 16th and March 30th pending further Order(s) which the Court "may issue … concerning future continuances as necessary and appropriate[3]." See AO 2020-18, ¶2. Moreover, the judges of this District are permitted to "continue trial-specific deadlines in civil cases in the exercise of their discretion." See AO 2020-18, ¶3.

Subsequently, Chief District Judge Moore issued Administrative Order 2020-20 on March 18, 2020 which recited some rather alarming guidance provided by the Centers for Disease Control and Prevention ("CDC"). Specifically, AO 2020-20 acknowledged CDC

---

[2] On March 9, 2020, Plaintiff sought a limited modification of the expert disclosure deadlines which the Court granted the following day. See D.E. 31, 32.
[3] Indeed, Chief Judge Moore thereafter entered Administrative Order 2020-21 on March 20, 2020 in which all jury trials in the Southern District of Florida scheduled to begin on or after March 30, 2020 until April 27, 2020 are continued, pending further Orders. See AO 2020-21, ¶2.

recommendations for individuals to practice "social distancing" and for employers to "attempt to minimize exposure between employees and the public and to consider the public health and safety when scheduling group or public events." And in addition to suggestions to avoid "discretionary travel" as well as "social gatherings in groups of ten or more", AO 2020-20 disturbingly warns of "recent evidence indicating that COVID-19 may be spread by persons who are asymptomatic." As a result of these considerations, the Court has reduced staffing "to a level to maintain essential operations" with non-essential personnel "placed on telework status effective immediately."

The Court's measures in the foregoing regard are not unique, as the pandemic has disrupted all facets of our society. In Florida, for example, all public schools have been shuttered until at least April 15th. Miami-Dade County, where undersigned counsel's offices are situated, has ordered all "non-essential" businesses to close until further notice. Broward and Palm Beach Counties have followed suit. In California, where Defendant Medterra CBD, LLC's ("Medterra") offices are situated and at least one principal of Defendant NoXeno Health Sciences, Inc. ("NoXeno") is believed to reside, a statewide "shelter-in-place" order has been issued requiring citizens to remain at home unless shopping for groceries, gas, or caring for friends and family members in need of assistance. New York, where Defendant Rejuvenol Laboratories, Inc.'s ("Rejuvenol") office are situated, recently implemented similar measures requiring all citizens to remain home and the closure of all non-essential businesses.

Needless to say, the above-described developments are unprecedented in modern history due to the speed with which the virus has propagated worldwide. And as a result of this biological menace, no amount of diligence by the parties will enable compliance with the extant Scheduling Order. For example, HCRMG has been diligently searching for a damages expert in

view of the extended March 23rd disclosure deadline. As of March 17th, undersigned counsel was in discussions with a potential witness to serve as Plaintiff's testifying damages expert. By the following evening, the potential witness respectfully declined as per his email reproduced below in pertinent part:

> "Hi Eduardo - I apologize, but given the time constraints on this case, some other items contributing to my workload, and some personal issues I'm dealing with regarding the Coronavirus pandemic, I don't think I'll be able to assist with this case. I really do like the topic and think I could be helpful, it is just a perfect storm of events that may make this challenging. I do hope we may be able to work with each other at some point in the future.
>
> Thank you!"

Plaintiff suspects that, even if the Court were to extend the expert disclosure deadline for another week, HCRMG would receive similar responses as most professionals are scrambling to adjust to the "new normal" of working from home, avoiding non-essential travel, stockpiling essentials such as toilet paper and groceries, and caring for vulnerable friends and family members.

Plaintiff is also concerned with the rapidly-approaching May 18th discovery cutoff. Unless this deadline is extended, Plaintiff may be prevented from taking necessary depositions in California of key witnesses from Medterra and NoXeno. Undersigned counsel is confident that the Court would not want to expose counsel to the medical threats presented by non-essential travel during a global viral pandemic. Depositions taken remotely via video conference would ordinarily be a viable alternative, but for California's statewide shelter-in-place order and the closure of all non-essential businesses (which would presumably include court reporting agencies and their offices which are commonly used for taking depositions). The same problems

will likely be encountered with respect to needed depositions in New York (as to Defendant Rejuvenol) and Florida (as to Defendant EcoNatura All Healthy World, LLC ("EcoNatura")).

The foregoing concerns are exacerbated by the fact that the case at bar is not even yet at issue with respect to Defendant Medterra. As of March 13, 2020, Medterra's motion to dismiss has been fully briefed.  When the Court issues its ruling thereupon, either Medterra will be required to answer the amended complaint or HCRMG will need to file a second amended complaint. Plaintiff cannot propound fact discovery upon Medterra until undersigned counsel has had an opportunity to ascertain Medterra's factual defenses[4]. Even if Medterra were to file its answer as of March 23rd, Plaintiff would need at least two to three days to review Medterra's defenses and prepare appropriately-tailored discovery requests. Medterra would then be permitted to respond within thirty days thereafter, which would be towards the end of April. Even assuming that no discovery disputes requiring Court intervention would arise, that would leave HCRMG with approximately two to three weeks to review potentially thousands of pages of documents, have its chemistry expert test any samples produced by Medterra, and then prepare for and take the depositions of Medterra's principals before the May 18th deadline (during all of which undersigned counsel would also be attempting to work on the various, unrelated cases being handled on behalf of its clients other than HCRMG). Even under normal circumstances, this time frame would be incredibly ambitious if not unrealistic. Under the current circumstances, it is simply unworkable. And of course, if Medterra's motion is granted and Plaintiff were permitted at least one opportunity to amend its complaint, this case would remain mired in the pleading stage with the potential need to reissue discovery based upon the amended allegations and any new defenses thereto.

---

[4] Plaintiff notes that it has issued discovery requests as to each of the remaining Defendants and is awaiting responses thereto.

No one is at fault here. The relief sought via this Motion was not occasioned by a lack of diligence on the part of Plaintiff or Defendants. All of us are faced with an unforeseen disruption to our usual, daily existences for an unknown duration. The extant Scheduling Order was drafted and entered before the pandemic, before the countywide and statewide shutdowns, before social distancing and working from home became common strategies. Now that all of these unfortunate circumstances have manifested, the deadlines currently set forth in the Scheduling Order should yield accordingly. Undersigned counsel would not hazard a guess as to how long these circumstances will prevail; nor should the Court. The Court should therefore temporarily suspend all deadlines, including the currently-scheduled commencement of the two-week trial period on August 17, 2020, until the threat posed by the pandemic has passed. During the interim, the parties will continue to prosecute and defend this action to the best of their respective abilities – including, specifically, the exchange of documentary discovery – pending the entry of a revised Scheduling Order after life returns to a semblance of normalcy.

III.     Local Rule 7.1(a)(3)

Undersigned counsel has conferred with respective counsel for Rejuvenol, EcoNatura and NoXeno regarding the relief sought via this Motion, and is authorized to represent that these Defendants do not oppose such relief. Undersigned counsel has not heard back from counsel for Medterra regarding this Motion as of the time of its filing, and is therefore unable to represent whether Medterra opposes or consents to the relief sought herein.

WHEREFORE, Plaintiff respectfully requests modification of the Scheduling Order as set forth hereinabove and such other and further relief this Court deems just and proper.

        ROSENTHAL ROSENTHAL RASCO LLC
        Counsel for Plaintiff
        ONE AVENTURA EXECUTIVE CENTER
        20900 N.E. 30th Ave., Suite 600
        Aventura, FL 33180
        Phone:  305-937-0300
        Facsimile: 305-937-1311

By:    /s/Steve M. Bimston, Esquire
       EDUARDO I. RASCO, ESQ.
       Florida Bar No. 646326
       eir@rrrlaw.com
       STEVE M. BIMSTON, ESQ.
       Florida Bar No. 179205
       smb@rrrlaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 23rd day of March, 2020 I electronically filed the foregoing with the Clerk of Court using CM/ECF thereby ensuring electronic notification of same to all parties of record.

        ROSENTHAL ROSENTHAL RASCO LLC
        Counsel for Plaintiff
        ONE AVENTURA EXECUTIVE CENTER
        20900 N.E. 30th Ave., Suite 600
        Aventura, FL 33180
        Phone:  305-937-0300
        Facsimile: 305-937-1311

By:    /s/Steve M. Bimston, Esquire