UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 19-cv-81700-MIDDLEBROOKS

HEALTHCARE RESOURCES
MANAGEMENT GROUP, LLC,

    Plaintiff,

v.

ECONATURA ALL HEALTHY
WORLD, LLC, MEDTERRA CBD,
LLC, REJUVENOL LABORATORIES,
INC., and NOXENO HEALTH
SCIENCES, INC.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff Healthcare Resources Management Group, LLC's "Pro Se Motion for Extension of Time to Obtain New Counsel," filed on May 18, 2020. (DE 51). All Defendants have filed separate responses in opposition to the Motion. (DE 52; DE 53; DE 54; DE 55). For the following reasons, the Motion is stricken, and Plaintiff's Amended Complaint is dismissed without prejudice.

On April 24, 2020, Plaintiff's counsel moved to withdraw as counsel of record. (DE 44). I granted the motion on April 27, 2020. (DE 45). In that Order, I recognized that because Plaintiff is an artificial entity, it must be represented by counsel and is unable to proceed *pro se*. (*Id.* at 1). Plaintiff was provided twenty-days to secure replacement counsel, meaning that replacement counsel was required to enter a notice of appearance by May 18, 2020. (*Id.* at 2). Plaintiff was advised that "[f]ailure to obtain replacement counsel by that day may result in dismissal of this action for failure to prosecute." (*Id.*).

On the deadline to obtain replacement counsel, Sam Genovese—the managing member of Plaintiff Healthcare Resources Management Group, LLC—moved for an extension of time obtain replacement counsel. (DE 51). Defendant MedTerra CBD initially argues that I should disregard this filing because

artificial entities must be represented by counsel.[1] (DE 54 at 1). I agree. As discussed, artificial entities may not represent themselves *pro se*. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that . . . cannot appear *pro se*, and must be represented by counsel."). Accordingly, Genovese's Motion is a nullity and must be stricken.

Moreover, even if I were to reach the merits of the Motion, I would deny it for two reasons. As an initial matter, pursuant to S.D. Fla. Local Rule 7.1(a)(3), prior to filing any motion in a civil case, counsel for the moving party shall certify "that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so." S.D. Fla. L.R. 7.1(a)(3). Plaintiff's Motion fails to include such a certification, which would be reason alone to deny the Motion.

More fundamentally, Defendant MedTerra argues and I agree that Plaintiff has failed to establish that despite its diligence, it could not comply with the deadline to obtain replacement counsel. The Scheduling Order, which encompasses other deadlines set throughout litigation, may be modified only "upon a showing of good cause." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16 advisory committee's note).

The record here demonstrates that Plaintiff has been far from diligent in litigating this matter. Plaintiff first filed a motion to modify the scheduling order on February 5, 2020. (DE 8). Plaintiff initially requested the modification because its then counsel had a conflict with the August 17 trial date in this matter. I rejected this argument as premature. Additionally, I declined to extend any deadline within the Pretrial Scheduling Order because it failed to explain how Plaintiff had been diligently litigating this

---

[1] I focus on Defendant MedTerra's response because it succinctly captures all of the reasons why Plaintiff is not entitled to the requested relief.

matter. (DE 9). It similarly failed to describe any obstacles Plaintiff expected to encounter throughout discovery that would render the current litigation schedule impractical. (*Id.*). That order was entered on February 6, 2020, meaning Plaintiff has been on notice for over three months as to what it would have to establish to obtain an extension of any deadline in this matter.

Plaintiff subsequently filed two motions to extend the expert disclosure deadlines. The first motion was filed on March 9, 2020. (DE 31). At that time, Plaintiff's deadline to disclose expert witnesses was March 9, 2020. (*Id.*). Plaintiff's motion established that it had been able to retain all experts except for an expert on damages. (*Id.* at 2). It further established that it had been in talks with such an expert; however, the expert ultimately declined to represent Plaintiff, as he could not prepare the report under the current schedule. (*Id.* at 3). In light of these representations, I found good cause to grant a limited extension of the expert deadline. (DE 32).

On April 16, 2020, the Parties moved for a further extension of the expert disclosure deadlines. (DE 42). In light of the fact that the motion was filed by all Parties and they represented that the requested extension would not alter any other deadline in this litigation, I granted the motion. (DE 43).

In between the motions seeking an extension of the expert disclosure deadlines, Plaintiff filed a motion to vacate the Pretrial Scheduling Order and to reset the trial date. (DE 36). Plaintiff filed this motion even though it had been informed on multiple occasions that extensions of deadlines would only be granted if the moving party pleads specific facts demonstrating that despite its diligence, it could not comply with the current deadline(s). (*See, e.g.*, DE 9). Even with these warnings, Plaintiff's successive motion to vacate the Pretrial Scheduling Order did not sufficiently explain how despite its diligence, it was unable to comply with the deadlines. (DE 36). Instead, Plaintiff requested suspending all deadlines due to the business disruption caused by Covid-19. (*Id.* at 6). To its credit, Plaintiff provided some detail as to how the ongoing pandemic had affected its ability to litigate this matter. (*Id.* at 4). At the same time,

the motion failed to indicate why Plaintiff had not conducted the impacted discovery before the pandemic truly affected this country.

Even considering these deficiencies, I granted the motion in part. (DE 39). I declined Plaintiff's invitation to indefinitely suspend all deadlines in its *own case*. Instead, I granted an extension of the discovery deadline and the deadline to file dispositive motions. (*Id.*). This determination was based upon the fact that Plaintiff described how the ongoing pandemic had affected its ability to litigate this case. (*Id.* at 2). However, I cautioned Plaintiff that if it sought any further extension, it should be prepared to describe what actions were taken to complete the impacted discovery during the several months this case had been pending before Covid-19 impacted the United States. (*Id.* at 2-3).

Needless to say, this record demonstrates that Plaintiff has not diligently litigated this case. With this backdrop, I turn to the present Motion, in which Genovese (impermissibly) seeks an additional twenty-days to obtain replacement counsel. (DE 51). Genovese makes this request because he has been unable to secure replacement counsel due to disruption caused by Covid-19. Genovese states that it has been "diligently seeking representation from new counsel in, but due to several law offices being closed and the associated difficulty in contacting attorneys, Plaintiff has been unable to secure new counsel." (*Id.* at 1). Genovese further states that it recently contacted a law firm who is considering representing Plaintiff; however, that firm has not yet agreed to represent Plaintiff. (*Id.* at 2).

In response, Defendant MedTerra contends that Plaintiff's pandemic related arguments are "vague excuses for not being able to retain counsel." (DE 54 at 2). MedTerra specifically states that Genovese's "claim is disingenuous, as attorneys and staff across Florida continue to work remotely or, in some cases, continue to work from their offices." (*Id.*).

In light of the several instructions provided regarding obtaining extensions of time, I agree with MedTerra that Genovese fails to establish that he has diligently attempted to obtain replacement counsel. Plaintiff's then counsel moved to withdraw on April 24, 2020, meaning Genovese has known for at least

4

twenty-six days that he needed to obtain replacement counsel. Yet, aside from generally stating that law firms declined to represent Plaintiff due to the ongoing pandemic, Genovese fails to offer any specific details, *i.e.*, the number of firms contacted, when they were contacted, when they declined to represent Plaintiff, and why they declined. Genovese similarly fails to provide any information regarding the firm that is apparently considering representing Plaintiff. Thus, even if the present Motion were to be considered on the merits, it would be denied because the record demonstrates that Plaintiff has not diligently litigated this matter. And Plaintiff has not established that despite its diligence, it has been unable to timely obtain replacement counsel.

Additionally, MedTerra's response to the present Motion establishes that Defendants would be prejudiced if any further extension is given. MedTerra specifically states that:

> the discovery cutoff in this case is less than a month from today. Plaintiff has failed to respond to MedTerra's discovery requests (originally due on April 2 but extended the first time through April 22, and the second time through April 29 by request of prior counsel), and Plaintiff has missed its deadline to designate an expert (May 15). Indeed, Plaintiff has not even produced its purported "proprietary formula" to any of the Defendants – the lynchpin of Plaintiff's case that gives rise to all of Plaintiff's claims. To permit Plaintiff another 20 days to retain counsel would cause extreme prejudice to Medterra, given the current pre-trial deadlines and upcoming August 17 trial date.

(DE 54 at 2-3). This response further describes how Plaintiff has not diligently litigated this matter. Defendants should not be penalized for Plaintiff's dilatory conduct. Defendants are entitled to a timely resolution of this matter and given the posture of this case and the manner in which Plaintiff has litigated it, Defendants would be prejudiced if extensions are granted.

Finally, because Plaintiff is an artificial entity which must be represented by counsel, I will dismiss the Amended Complaint for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *see also Duong Thahn Ho. V. Costello*, 757 F. App'x 912, 914 (11th Cir. 2018) ("Although the plain language of Rule 41(b) indicates that a defendant may move for dismissal, a district court may *sua sponte* dismiss a case under the authority of either Rule 41(b) or the court's inherent power to manage its docket.").

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's "Pro Se Motion for Extension of Time to Obtain New Counsel" (DE 51) is **STRICKEN.**

2. Plaintiff's Amended Complaint (DE 5) is **DISMISSED WITHOUT PREJUDICE.**

3. The Clerk of Court shall **CLOSE THIS CASE** and **DENY AS MOOT** all pending motions.

**SIGNED** in Chambers in West Palm Beach, Florida, this 21st day of May, 2020.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record;
Healthcare Resources Management Group, LLC
1288 NW 16 Street
Boca Raton, FL 33486