UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  9:19-cv-81700-MIDDLEBROOKS/BRANNON

HEALTHCARE RESOURCES MANAGEMENT
GROUP, LLC,

            Plaintiff,

v.

ECONATURA ALL HEALTHY WORLD, LLC,
MEDTERRA CBD, LLC, REJUVENOL
LABORATORIES, INC. and NOXENO HEALTH
SCIENCES, INC.,

            Defendants.
_____/

**DEFENDANT REJUVENOL LABORATORIES, INC.'S**
**<u>VERIFIED MOTION FOR ATTORNEY'S FEES</u>[1]**

Defendant REJUVENOL LABORATORIES, INC. ("REJUVENOL"), by its undersigned counsel, pursuant to Federal Rule of Civil Procedure 54 and Rule 7.3 of the Local Rules of the United States District Court for the Southern District of Florida, hereby files its motion for entry of an Order awarding the reasonable attorney's fees incurred by REJUVENOL in defending against Plaintiff HEALTHCARE RESOURCES MANAGEMENT GROUP, LLC's ("HCRMG") claims in this matter.[2]  For all the reasons set forth herein, REJUVENOL's Verified Motion for Attorney's Fees and Costs should be granted in all respects.

---

[1] Pursuant to Local Rule 7.3(b), a draft of this Motion was served upon Plaintiff and is being filed after REJUVENOL attempted to confer with the Plaintiff on issues regarding entitlement, the market rate of counsel's fees, and the amount of fees.  See Local Rule 7.3(a)(8).

[2] Rejuvenol adopts the arguments raised by the other Defendants in their respective Motions for Fees.

CASE NO.: 9:19-cv-81700-MIDDLEBROOKS/BRANNON

## INTRODUCTION AND BACKGROUND

On January 6, 2020, HCRMG filed its Amended Complaint against REJUVENOL, and Defendants ECONATURA ALL HEALTHY WORLD, LLC ("ECONATURA"), MEDTERRA CBD, LLC ("MEDTERRA") and NOXENO HEALTH SCIENCES, INC. ("NOXENO") (collectively, "Defendants")[ECF No. 5]. The Amended Complaint asserts four causes of action. Count I is against all Defendants for alleged violations of the Florida Uniform Trade Secrets Act ("FUTSA"). Count II is for alleged violations of the Defend Trade Secrets Act. Count III is for alleged violations of the Florida Deceptive and Unfair Trade Practices Act against MEDTERRA, ECONATURA, and NOXENO. Count IV is a claim for tortious interference with a business relationship against ECONATURA.

Notwithstanding the claims asserted by HCRMG, there was never any evidence presented that HCRMG possessed a trade secret or that it was misappropriated by any of the Defendants. HCRMG asserted causes of action against REJUVENOL for alleged violations of the Florida Uniform Trade Secrets Act ("FUTSA") (Count I) and violations of the Defend Trade Secret Act (Count II). (Ex.1. ¶3)[3]. The underlying basis for HCRMG's claim is its relationship with ECONATURA (Ex. 1, ¶4). HCRMG claims that it maintained a proprietary CBD cream formula. (Ex. 1, ¶5). However, REJUVENOL was not involved in the business relationship between HCRMG and the other defendants. (Ex. 1, ¶6).

REJUVENOL is a manufacturer. (Ex. 1, ¶7). ECONATURA has been a client of REJUVENOL for years. (Ex. 1, ¶8). REJUVENOL has manufactured a natural lotion formula created by ECONATURA's owner, Jama Russano ("Russano"), that is part of her

---

[3] Attached as Exhibit 1 is the Declaration of Bart Tarulli.

CASE NO.: 9:19-cv-81700-MIDDLEBROOKS/BRANNON

ECONATURA Ruby Blue Bunny line of products. (Ex. 1, ¶9). REJUVENOL formulated the product based on instructions from Russano. (Ex. 1, ¶10). Subsequently, REJUVENOL received instructions from Russano on how to modify the product. (Ex. 1, ¶11). REJUVENOL manufactured a cream for Econatura based on ingredients and materials provided to it by ECONATURA. (Ex. 1, ¶12). REJUVENOL did not receive any formulas or instructions from any other party to this litigation, including HCRMG. (Ex. 1, ¶13). REJUVENOL never worked for HCRMG and never received a formula from it. (Ex. 1, ¶14). At no time did REJUVENOL have any formulas or instructions provided by HCRMG. (Ex. 1, ¶15). The only formulas and instructions were provided by REJUVENOL's long time customer, ECONATURA. (Ex. 1, ¶16). REJUVENOL never attended any meetings with any representatives of HCRMG. (Ex. 1, ¶17).

There was no basis to bring a claim against REJUVENOL for violations of any trade secret rights because REJUVENOL was merely the manufacturer of a product formulated by ECONATURA. (Ex. 1, ¶18). The ingredients and packaging materials were provided to REJUVENOL by ECONATURA. (Ex. 1, ¶19. The formula utilized by REJUVENOL was based on the formula that it had utilized for years, which was provided to it by ECONATURA, and then modified based on instructions from Russano. (Ex. 1, ¶20).

On April 24, 2020, HCRMG's counsel moved to withdraw as counsel of record. [ECF No. 34]. On May 18th, 2020, HCRMG a Motion for Extension of Time to obtain replacement counsel. [ECF No. 51]. On May 21, 2020, this Court struck HCRMG's Motion for Extension of Time. [ECF No. 56]. In addition, this Court dismissed the HCRMG's Amended Complaint Without Prejudice. [ECF No. 56].

CASE NO.: 9:19-cv-81700-MIDDLEBROOKS/BRANNON

# ARGUMENT

## I. REJUVENOL IS ENTITLED TO ATTORNEY'S FEES UNDER FUTSA.

HCRMG asserted a claim against the Defendants pursuant to FUTSA. Pursuant to Fla. Stat. §688.007: "If a claim of misappropriation is made in bad faith . . . the court may award reasonable attorney's fees to the prevailing party." As "bad faith" is not defined by FUTSA, Courts have applied a two-prong test to determine bad faith. *See Knights Armament Co. v. Optical Sys. Tech., Inc.*, 6:07-CV-1323-ORL, 2012 WL 3932863, at *4-5 (M.D. Fla. Aug. 20, 2012). The Court followed the following two-pronged bad faith test:

> (1) that plaintiff's claims were objectively specious or frivolous, and (2) that there is evidence of subjective misconduct. "Objective misconduct exists where there is a complete lack of evidence supporting Plaintiff's claims." "Subjective misconduct exists where a plaintiff knows or is reckless in not knowing that its claim for trade secret misappropriation has no merit." Subjective misconduct may be proven by direct evidence of actual knowledge or may be "inferred from the speciousness of plaintiff's trade secret claim and its conduct during litigation."

*Id.* (citations omitted).

There is clearly objective misconduct in this case as there is no evidence supporting HCRMG's claims. As set forth in the Declaration of Tarulli, no trade secrets or formulas were ever provided to REJUVENOL. (Ex. 1). REJUVENOL had a prior business relationship with ECONATURA. REJUVENOL merely acted as a manufacturer and was provided with all ingredients and products to fulfill the orders. No evidence was produced in the case establishing that REJUVENOL had any formula provided or created by HCRMG. In addition, there is subjective evidence of bad faith in this case based on the speciousness of the HCRMG's claim and its conduct during litigation.

The main allegations pertaining to the alleged trade secrets are contained in paragraphs 19 and 20 of the Amended Complaint as follows:

CASE NO.: 9:19-cv-81700-MIDDLEBROOKS/BRANNON

> 19. Throughout March and April of 2018, HCRMG transmitted via email from its principal office in Palm Beach County, Florida to EcoNatura its principal office in Collier County, Florida, various confidential and proprietary information including a wholesale pricing matrix for HCRMG's Pharmalieve ™ product line and the ingredient list and formula for HCRMG's BCD-based pain cream ("CBD Cream") to be produced by EcoNatura and manufactured by REJUVENOL. HCRMG initially intended to market the CBD Cream under its own Pharmalieve™ brand, and Genovese continued to discuss with Russano rolling the CBD Cream - along with the remainder of the Pharmalieve™ product line - into the NoXeno joint venture for purposes of enhancing the appearance of profitability of the venture to prospective investors.
>
> 20. As per their discussions, EcoNatura produced the CBD Cream via starting with HCRMG's proprietary formula as a base and adding some additional ingredients to enhance the texture and viscosity of the product, with the finished product manufactured by REJUVENOL at its New York laboratory. At all times material hereto, REJUVENOL had been advised by HCRMG and was otherwise aware that the CBD Cream it was manufacturing on behalf of HCRMG and EcoNatura was primarily based upon HCRMG's confidential and proprietary formula.

[ECF No. 5, ¶¶ 19-20]. In order to clarify the issues, and in particular, issues regarding the purported trade secrets and the transmission of the trade secrets to the Defendants, REJUVENOL served a Request for Production of Documents. On March 27, 2020, HCRMG served its Responses and Objections to Defendant REJUVENOL Laboratories, Inc.'s Request for Production. With the exception of paragraphs 16, 20, 20 [sic] and 21, HCRMG indicated that: "HCRMG will produce any responsive documents within its possession, custody or control."

HCRMG responded to the Request for Production of Documents and indicated that documents would be produced. The discovery was served on February 26, 2020 and the Response served on March 27, 2020, indicating that the documents would be produced. The documents pertaining to the ingredients, formulas, and transmission of the trade secrets to the Defendants was never produced.

Due to HCRMG's continued failure to produce any documentation pertaining to trade secrets or formulas, on May 1, 2020, REJUVENOL filed a Motion to Compel production of

Documents [ECF. No. 47].[4] It is of no coincidence that HCRMG's counsel withdrew at the same time HCRMG was unable to produce any trade secrets, formulas, or documents demonstrating that any such trade secrets were provided to the Defendants. Interestingly, the Motion to Withdraw, filed by HCRMG's counsel, indicates that an irreconcilable conflict arose and that continued representation would likely result in a violation of the Rules of Professional Conduct. [ECF. No. 44].

Based on the foregoing, there is clearly a showing of bad faith. HCRMG has presented no evidence to substantiate its claims, never produced any documentation demonstrating that trade secrets were provided to the Defendants, and ultimately had its case dismissed when it was unable to maintain counsel. HCRMG's actions caused REJUVENOL to incur substantial attorney's fees in defending against these frivolous claims and such fees should be awarded to REJUVENOL.

## II. REJUVENOL IS ENTITLED TO RECOVER THE FULL AMOUNT OF ATTORNEY'S FEES INCURRED IN CONNECTION WITH ALL OF THE CLAIMS ASSERTED BY PLAINTIFF IN THE AMENDED COMPLAINT.

REJUVENOL is entitled to the full amount of attorney's fees incurred in this case because all of the claims involved a common core of facts. The issues in this case were so commingled regarding all of the original claims that all fees should be awarded without allocation. As explained in *BP Products North America, Inc. v. Super Stop #701, Inc.*, 2010 WL 1655476, *2 (S.D. Fla. April 23, 2010):

> where a party is entitled to an award of fees for only some of the claims involved in the litigation, i.e., because a statute or contract authorizes fees for a particular claim, but not others, the trial court must evaluate the relationship between the

---

[4] On May 5, 2020, this Court denied the Motion to Compel, without Prejudice, as HCRMG had not yet obtained new counsel [ECF. No. 48].

claims and 'where the claims involved a common core of facts and are based on related legal theories, a full fee may be awarded unless it can be shown that the attorneys spent a separate and distinct amount of time on counts as to which no attorney's fees were [authorized].

*See also Boca Mara Properties, Inc. v. International Dairy Queen, Inc*., 732 F.2d 1550, 1553-1554 (11th Cir. 1984)(where the Court held that when "one case involves several causes of action arising out of a single transaction or event, work spent on the different aspects of the case will inevitably overlap. In such an instance, an arbitrary reduction of a fee award based on the proportion of the total number of causes of action not entitled to attorneys' fees is an abuse of discretion. There was considerable overlap between the FUTSA claim and the Defend Trade Secrets claim, as the defense to both was the same.

All of the legal theories were based upon the same underlying premise.  Since the claims arose from the same operative facts, there was no separate or distinct amount of time spent on the counts for which no attorneys' fees were authorized.  Legal services provided to defend against each claim were intertwined with one another. Therefore, REJUVENOL is entitled to an award of all of the attorney's fees it incurred in this matter without any reductions.

### III.     ATTORNEY'S FEES SOUGHT BY REJUVENOL ARE REASONABLE.

Since REJUVENOL is the prevailing party, the Court must determine whether the fees requested are reasonable.  The Court is an expert on the reasonableness of attorney's fees and may draw upon its own knowledge and expertise in forming an independent judgment as to the value of an attorney's services.  *Arlozynski v. Rubin & Debski, P*.A., 2011 WL 6318970, at *3 (M.D. Fla. Dec. 16, 2011); *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988); *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).  Defendant supports its request for attorney's fees and costs with the Declaration of lead trial counsel, Eric Lee, Esq., attached hereto as Exhibit 2.

A. **The Lodestar Analysis.**

In assessing a reasonable fee to award, and to determine the lodestar, *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988), prescribes the law in this circuit for determining the appropriate award of attorney's fees. The court must multiply the number of hours reasonably expended by a reasonable hourly rate. *Id*. at 1292. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id*. at 1299; *Delta Air Lines, Inc. v. Sotolongo*, 2017 WL 990602, at *5 (M.D. Fla. Feb. 24, 2017); *CarMax Auto Superstores, Inc. v. StarMax Fin., Inc.*, 192 F. Supp. 3d 1279, 1284 (M.D. Fla. 2016); *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354 (11th Cir.2000). The party who applies for attorney's fees is responsible for submitting satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and that the hours are reasonable. *Norman,* 836 F.2d at 1303. After determining the lodestar, the court may adjust the amount depending upon a number of factors, including the quality of the results and representation of the litigation. 836 F.2d at 1302.

The factors addressing the ultimate reasonableness of the award were established and discussed at length in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974).[5] The *Johnson* court cited the following considerations as being relevant to the determination of the reasonableness of the award:

1) the time and labor required;

2) the novelty and difficulty of the questions;

---

[5] In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981.

3) the skill requisite to perform the legal service properly;

4) the preclusion of other employment by the attorney due to the acceptance of the case;

5) the customary fee;

6) whether the fee is fixed or contingent;

7) time limitations imposed by the client or the circumstances;

8) the amount involved and the results obtained;

9) the experience, reputation and ability of the attorneys;

10) the "undesirability" of the case;

11) the nature and length of the professional relationship with the client; and

12) awards in similar cases.

*Id*.

   **B.**   **Reasonable Rates and Hours.**

In this case, in light of the experience and expertise of the attorneys from Lee & Amtzis, P.L. ("L&A"), the attorney's hourly rates were reasonable and in accordance with the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.  As to the hours incurred, L&A incurred 80.8 hours of professional and paralegal services over a period of approximately five (5) months.  *See* Declaration of ERIC LEE ("LEE") (Ex. 2) for additional details and a report on all work performed by each timekeeper.

   LAW FIRM BACKGROUND:

Since the inception of the case and throughout trial proceedings, L&A undertook the entirety of the work in representing the REJUVENOL.  LEE is the managing member of L&A and was lead counsel on this matter.  LEE has been licensed to practice law since 1992 and

CASE NO.: 9:19-cv-81700-MIDDLEBROOKS/BRANNON

admitted to the Southern District since 1993. He has extensive experience in state and Federal courts. LEE's standard hourly rate during this case was $425.00 which is commensurate with legal community standards for similar services by lawyers of reasonably comparable skills, experience, and reputation.

In requesting hours spent, the fee applicant should exercise "billing judgment," excluding "hours that would be unreasonable to bill to a client and therefore to one's adversary." *Norman*, 836 F. 2d at 1301 (11th Cir. 1988). LEE exercised this billing judgment as described in the Lee Declaration to arrive at the request for $31,008.00 in reasonable attorney's fees. *See* N*utrivida, Inc. v. Immuno Vital, Inc.*, 46 F. Supp. 2d 1310, 1319 (S.D. Fla. 1998) (finding in a trademark infringement action resolved in the plaintiff's favor at summary judgment stage that 1,498 hours of time was reasonable and necessary, and awarding lodestar calculated fees totaling $382,018 based on this number of hours as well as costs totaling $28,959); *Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313, 1329 (M.D. Fla. 2001) (awarding attorneys' fees to prevailing plaintiff in the total amount of $352,225.40); *Powell v. Home Depot U.S.A., Inc.*, 715 F. Supp 2d 1285, 1289 (S.D. Fla. 2010) (awarding attorneys' fees in the amount of $2.8 million to prevailing party in patent infringement case); *Wynn Oil Co. v. Purolator Chem. Corp.*, 391 F. Supp. 522 (M.D. Fla. 1974) (awarding reasonable attorneys' fees in the amount of $553,602). *Id*. at ¶13.

Based upon hours reported by way of the Declaration and Transactions Listing Report,[6] Defendant is seeking $31,008.00 for legal professional fees incurred through June 19, 2020 by L&A.

---

[6] Attached as Exhibit 3 is the Transaction Listing Report.

### C. The Time and Labor Required.

Although hours claimed or spent on a case should not be the sole basis for determining a fee, *Electronics Capital Corp. v. Sheperd*, 439 F.2d. 692 (5th Cir. 1971), they are a necessary ingredient to be considered. *Johnson*, 488 F.2d at 717. The trial judge should weigh the hours claimed against his own knowledge, experience, and expertise of the time required to complete similar activities. *Id*. Factors to consider are possible duplication of effort, proper utilization of time, and distinguishing between legal work and clerical work. *Id*. Here, a review of the time records supports a finding that counsel effectively utilized time, avoided duplication of efforts, and did not overly litigate this case.

From the commencement of legal services in February 2020, REJUVENOL incurred $31,008.00 in attorney's fees. The following professionals and paralegals provided services at the indicated hourly rates:

| Professional | Rate | Total Hours | Total Value of Fees |
|---|---|---|---|
| Eric Lee | $425.00 | 62.7 | $26,647.50 |
| Dori S. Solomon | $325.00 | 10.1 | $3,383.50 |
| Ziva Allen (paralegal) | $115.00 | 2.3 | $264.50 |
| Dianne Smith (paralegal) | $125.00 | 5.7 | $712.50 |
|  |  |  |  |

(Ex. 2, ¶8)

REJUVENOL incurred the foregoing attorney's fees, with specific details delineated in the time records (Ex. 3). This included time in preparing its Verified Motion for Attorney's Fees. REJUVENOL will incur additional attorney's fees in reviewing HCRMG's Response, and in

preparing a Reply.  REJUVENOL will supplement its time incurred in this regard if applicable.

### D. The Novelty and Difficulty of the Questions.

Cases of first impression generally require more time and effort on the attorney's part. *Id*. at 718.  While this was not a case of first impression, it did involve some difficult issues.

### E. The Skill Required to Perform the Legal Service Properly.

The trial judge should closely observe the attorney's work product, his preparation, and general ability before the court.  *Id.* at 717.  The trial judge's expertise gained from past experience as a lawyer and his observation from the bench of lawyers at work become highly important to this consideration.  *Id.*  Based on REJUVENOL's success in obtaining dismissal in its favor, this Court should note that the presentation of REJUVENOL's defenses was presented in a careful and well-prepared manner.

### F. Whether the Fee is Fixed or Contingent.

REJUVENOL hired its attorneys on an hourly basis.  Unlike the somewhat nebulous fees calculated by an attorney for a contingency fee client, the attorney that performs services on an hourly basis faces ongoing scrutiny from his or her client as to the necessity and reasonableness of any fees.  The fees incurred by REJUVENOL to defend against the claims were not inexpensive, but were acknowledged by REJUVENOL and necessary to protect its interests.

### G. The Amount Involved and the Results Obtained.

The amount being sought by HCRMG in this matter was significant.  As to the result obtained, REJUVENOL prevailed in defending against HCRMG's claims with the Court dismissing HCRMG's Complaint.  From the inception of this case and throughout most of litigation, the HCRMG had no alternative but to proceed and vigorously defend against all of the claims that were brought against it by HCRMG.

CASE NO.: 9:19-cv-81700-MIDDLEBROOKS/BRANNON

**H.      The Experience, Reputation, and Ability of the Attorneys.**

Most fee scales reflect an experience differential with the more experienced attorneys receiving larger compensation. *Johnson*, 488 F.2d at 718-19. In the instant matter, REJUVENOL's le3. The associate working on this case has been practicing law in Florida since 1994. As such, the attorneys working on this matter are experienced attorneys with well regarded reputations.

**I.      The "Undesirability" of the Case.**

This case was not an undesirable case.

## CONCLUSION

For the reasons set forth above, Defendant REJUVENOL LABORATORIES, LLC respectfully requests an award of its reasonable attorney's fees in the base amount of $31,008.00, together with such other and further relief as this Court may deem just and proper.

## VERIFICATION

The undersigned hereby verifies the accuracy of the information contained herein, as well as the exhibits filed in support.

_____
ERIC LEE

## LOCAL RULE 7.3(a)(8) MEET AND CONFER

I HEREBY CERTIFY that the undersigned personally contacted HCRMG in a good faith effort to resolve the issues raised in this Motion. The Motion was served upon HCRMG's principals Sam Genovese ("Genovese") and Mercy Romero ("Romero") on June 22, 2020. On June 24, 2020; June 30, 2020; July 6, 2020; and July 10, 2020, counsel for REJUVENOL sent emails to Genovese and Romero in attempts to confer. On July 8, 2020, counsel for

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CASE NO.:  9:19-cv-81700-MIDDLEBROOKS/BRANNON

REJUVENOL and the other Defendants attempted to call Genovese, but the call was not answered.  On July 10, 2020, Genovese responded, but denied any responsibility for fees or costs.

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Dated: July 14, 2020

ERIC LEE (Bar No. 961299)
lee@leeamlaw.com
Lee & Amtzis, P.L.
5550 Glades Road, Suite 401
Boca Raton, FL  33431
Telephone:  (561) 981-9988
**Attorneys for Defendant
REJUVENOL LABORATORIES, INC.**

CASE NO.:  9:19-cv-81700-MIDDLEBROOKS/BRANNON

## SERVICE LIST

**HEALTHCARE RESOURCES MANAGEMENT GROUP, LLC**
(email)

Sam Genovese
sam@pharmalieve.com

Mercy Romero
mromero@pharmalieve.com

1288 N.W. 16th Street
Boca Raton, FL  33486

**Attorneys for Defendant**
**MEDTERRA CBD, LLC**
(ECF)

McCabe Rabin, P.A.
Adam Rabin, Esq.
arabin@mccaberabin.com
Robert Cartwright Glass, Esq.
rglass@mccaberabin.com
1601 Forum Pl., Ste. 201
West Palm Beach, FL  33401

**Attorneys for Defendants**
**ECONATURA ALL HEALTHY WORLD, LLC**
**and NOXENO HEALTH SCIENCES, INC.**
(ECF)

Barry E. Witlin, Esq.
witlinlaw@gmail.com
barrywitlin@gmail.com
7805 S.W. 6th Court
Plantation, FL  33324

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW