UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:19-cv-81700-MIDDLEBROOKS/BRANNON

HEALTHCARE RESOURCES MANAGEMENT
GROUP, LLC,

        Plaintiff,

v.

ECONATURA ALL HEALTHY WORLD, LLC,
MEDTERRA CBD, LLC, REJUVENOL
LABORATORIES, INC. and NOXENO HEALTH
SCIENCES, INC.,

        Defendants.
_____/

### DECLARATION OF ERIC LEE AS TO ATTORNEY'S FEES

    I, Eric Lee, having personal knowledge of the matters set forth below, declare and state the following:

    1.    I am a member in the law firm Lee & Amtzis, P.L. ("L&A") with twenty-seven (27) years of complex business litigation experience in both state and Federal courts. I graduated from The University of South Florida in 1989 and Nova Southeastern University School of Law in 1992. I have been admitted to practice in the State of Florida since 1992 and before this Court since 1993.

    2.    I was the lead attorney for Defendant REJUVENOL LABORATORIES, INC. ("REJUVENOL"). This Declaration is based on my personal knowledge and a review of documents created and maintained by L&A in the ordinary course of business, and in support of REJUVENOL's Motion for Attorney's Fees.

CASE NO.: 9:19-cv-81700-MIDDLEBROOKS/BRANNON

3. Plaintiff HEALTHCARE RESOURCES MANAGEMENT GROUP, LLC's Amended Complaint was dismissed on May 21, 2020 [ECF. No. 56].

4. From February 12, 2020 through June 19, 2020, REJUVENOL incurred $31,008.00 in attorney's fees with L&A in this complex litigation matter.

5. Based upon the nature of the claims pursued by Plaintiff, I have concluded that all time incurred by REJUVENOL in defense of these claims has been appropriate.

6. A true and correct itemization of the time each L&A professional spent in connection with the issue of entitlement to and the amount of attorneys' fees and the tasks performed is attached to the Motion as Exhibit 3. (Transaction Listing Report).

7. Dori S. Solomon, Esq. was the only associate to provide legal services during the pendency of this matter. Ms. Solomon graduated from the University of Florida in 1991 and the University of Miami School of Law in 1994 and was admitted that same year. She has 24 years of business litigation experience.

8. The following L&A professionals worked on this matter at the following rates and number of hours:

| Timekeeper | Experience | Hours | Hourly Rate | Total |
|---|---|---|---|---|
| Eric Lee | 27 years of business litigation - partner | 62.7 | $425.00 | $26,647.50 |
| Dori S. Solomon | 24 years of business Litigation - associate | 10.1 | $335.00 | $3,383.50 |
| Dianne Smith | Paralegal - 12 years | 5.7 | $125.00 | $712.50 |
| Ziva Allen | Paralegal - 25+ years | 2.3 | 115.00 | $284.50 |
| Total Hours and Fees | | 80.8 | | $31,008.00 |

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CASE NO.: 9:19-cv-81700-MIDDLEBROOKS/BRANNON

9. The fees sought by REJUVENOL in this matter are reasonable. The "starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate." *Norman v. Housing Auth. of Montgomery*, 836 F. 2d 1292, 1299 (11th Cir. 1988). According to the Supreme Court and the Eleventh Circuit, this lodestar presumptively includes the subjective factors the Eleventh Circuit had previously adopted in *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714 (5th Cir. 1974). *Id.*

10. First, the hourly rates are reasonable. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F. 2d at 1299. The work performed by L&A resulted in a blended attorney rate of $380 per hour, which is comparable to the hourly rates charged in the Southern District of Florida. See, e.g. *Capitol Specialty Ins. Corp. v. Ortiz*, No. 17-23329-CIV, 2019 WL 383868, at *6 (S.B. Fla. Jan. 15, 2019), report and recommendation adopted *Capitol Specialty Ins. Corp. v Ortiz*, No. 17-23329-CIV, 2019 WL 367916 (S.D. Fla. Jan 30, 2019). Accordingly, based on my experience and my review of other cases in this District, L&A's rates are within the "prevailing market rate in the relevant legal community for similar services by lawyers of "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F2d at 1299.

11. Additionally, as evidenced by Exhibit 3, L&A took care to make sure that each task was being handled by the appropriate timekeeper based on the skill required to complete it and the ability of the attorney or paralegal. As a Defendant, the tasks were driven based upon the Plaintiff's approach to this litigation as more fully detailed in the Motion.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CASE NO.: 9:19-cv-81700-MIDDLEBROOKS/BRANNON

12. The number of hours spent by REJUVENOL'S attorneys and staff (80.8) is reasonable as is the corresponding lodestar figure. In requesting hours spent, the fee applicant should exercise "billing judgment," excluding "hours that would be unreasonable to bill to a client and therefore to one's adversary." *Norman*, 836 F. 2d at 1301 (11th Cir. 1988). L&A exercised this billing judgment as described in this Declaration to arrive at the request for $31,080.00 in reasonable attorneys' fees. See *Nutrivida, Inc. v. Immuno Vital, Inc.*, 46 F. Supp. 2d 1310, 1319 (S.D. Fla. 1998) (finding in a trademark infringement action resolved in the plaintiff's favor at summary judgment stage that 1,498 hours of time was reasonable and necessary, and awarding lodestar calculated fees totaling $382,018 based on this number of hours as well as costs totaling $28,959); *Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313, 1329 (M.D. Fla. 2001) (awarding attorneys' fees to prevailing plaintiff in the total amount of $352,225.40); *Powell v. Home Depot U.S.A., Inc.*, 715 F. Supp 2d 1285, 1289 (S.D. Fla. 2010) (awarding attorneys' fees in the amount of $2.8 million to prevailing party in patent infringement case); *Wynn Oil Co. v. Purolator Chem. Corp.*, 391 F. Supp. 522 (M.D. Fla. 1974) (awarding reasonable attorneys' fees in the amount of $553,602).

**I DECLARE, UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, THAT I HAVE READ THE FOREGOING AND THE FACTS STATED THEREIN ARE TRUE AND CORRECT.**

Dated this 22nd day of June, 2020

_____
ERIC LEE

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW