# Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19-81700-Civ-MIDDLEBROOKS/BRANNON

HEALTHCARE RESOURCES MANAGEMENT
GROUP, LLC, a Florida limited liability company,

    Plaintiff,

vs.

ECONATURA ALL HEALTHY WORLD, LLC, a
foreign limited liability company, MEDTERRA
CBD, LLC, a foreign limited liability company,
REJUVENOL LABORATORIES, INC., a foreign
corporation, and NOXENO HEALTH SCIENCES,
INC., a foreign corporation,

    Defendants.
_____/

## PLAINTIFF'S INITIAL DISCLOSURES

Plaintiff, HEALTHCARE RESOURCES MANAGEMENT GROUP, LLC ("HCRMG"), by and through undersigned counsel, pursuant to Rule 26(a)(1) and the Joint Discovery Plan (D.E. 23), hereby provides its Initial Disclosures.

1)     The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:

    A.     Sam Genovese and Mercy Romero
           c/o Rosenthal Rosenthal Rasco, LLC
           20900 NE 30th Avenue, Suite 600
           Aventura, Florida 33180
           (305) 937-0300

           Mr. Genovese and Ms. Romero are the managing members of Plaintiff
           HCRMG. They possess firsthand information about HCRMG's

{W0513600.1}

**Rosenthal Rosenthal Rasco LLC**
One Aventura, 20900 N.E. 30th Avenue, Suite 600, Aventura, Florida 33180
305.937.0300 / Fax: 305.937.1311

proprietary CBD Cream formula alleged to be a trade secret in the amended complaint, as well as the costs and profit margins associated with its production and sales. Mr. Genovese and Ms. Romero also possess firsthand knowledge concerning the Defendants' misappropriation of HCRMG's trade secret formula, the deceptive and unfair manner in which Defendants Medterra CBD, LLC ("Medterra"), EcoNatura All Healthy World, LLC ("EcoNatura") and NoXeno Health Sciences, Inc. ("NoXeno") formed a competing business relationship from which HCRMG was excluded, and EcoNatura's tortious interference with HCRMG's preexisting business relationship with its former client and customer, Medterra.

B.  Jama Russano and Richard Russano
    3327 Sandpiper Way
    Naples, Florida 34109
    (800) 572-5007

    The Russanos are the managing members of Defendant EcoNatura, and are believed to possess firsthand knowledge about the CBD Cream alleged in the amended complaint to be primarily based upon HCRMG's proprietary and confidential formula. The Russanos are also believed to possess personal knowledge about the business transactions between HCRMG, EcoNatura, Rejuvenol Laboratories, Inc. ("Rejuvenol"), Medterra and NoXeno by which Plaintiff claims its trade secret was misappropriated, and by which HCRMG was deceptively and unfairly excluded from what turned out to be a competing business relationship initiated by EcoNatura's tortious interference. The Russanos are also expected to possess knowledge about the costs and profit margins associated with production of the CBD Cream as manufactured by Defendant Rejuvenol. Jama Russano is additionally believed to be a shareholder of Defendant NoXeno and is expected to possess knowledge concerning NoXeno's reliance upon EcoNatura's sales to Medterra – which sales Plaintiff claims are premised upon the CBD Cream formula misappropriated from HCRMG – for purposes of soliciting new investments.

C.  J.P. Larsen and Jay Hartenbach
    9801 Research Drive
    Irvine, California 92618
    (800) 971-1288

    Messrs. Larsen and Hartenbach are members of Defendant Medterra, and are believed to have firsthand knowledge about the business transactions between Medterra and HCRMG by which HCRMG produced a CBD Cream on a "white label" basis for retail sale by Medterra under its own branding, primarily using HCRMG's proprietary and confidential formula.

These individuals also possess personal knowledge concerning Medterra's formation of a competing business relationship with EcoNatura and Rejuvenol premised upon the continued production of the CBD Cream, without Plaintiff's authorization and without compensation to Plaintiff for the use of its formula.

D.  Bart Michaels and Julio Bastardo
    130 Lincoln Street
    Copiague, New York 11726
    (800) 343-4224

Mr. Michaels is the CEO of Defendant Rejuvenol and is believed to possess firsthand knowledge concerning the production of the CBD Cream alleged in the amended complaint to be primarily based upon HCRMG's confidential and proprietary formula, as well as Rejuvenol's policies and procedures regarding maintaining the confidentiality of the formulas entrusted to it. Mr. Bastardo is believed to be an employee of Rejuvenol with personal knowledge of the production of the CBD Cream alleged to be primarily based upon HCRMG's formula.

E.  Warren Wise
    300 Delaware Avenue, Suite 210A
    Wilmington, Delaware 19801
    (800) 572-5007

Mr. Wise is the interim president of Defendant NoXeno, and is believed to have personal knowledge about NoXeno's reliance upon EcoNatura's sales of the CBD Cream primarily based upon HCRMG's formula to Medterra, without HCRMG's authorization, for purposes of soliciting investments into NoXeno.

F.  Jeff Fox
    FoxFire Edibles Colorado, LLC
    4155 East Jewell Avenue, #709
    Denver, Colorado 80222
    (303) 953-8507

Mr. Fox is a member of FoxFire Edibles Colorado, LLC, and is believed to possess firsthand knowledge about HCRMG's initial meeting with EcoNatura at Rejuvenol's New York facility in January, 2018 along with the topics discussed at such meeting and any representations made by Rejuvenol and EcoNatura concerning the proprietary and confidential nature of HCRMG's CBD Cream formula.

    G.    David C. Steinberg
315 Ridgely Court
Pompton Plains, New Jersey 07444
(973) 907-7561

Mr. Steinberg has been retained as HCRMG's chemistry subject matter expert and is expected to opine about the confidential and proprietary nature of HCRMG's CBD Cream formula, and to compare same with that used to produce the CBD Cream by EcoNatura and manufactured by Rejuvenol for sale to Medterra. As no discovery has yet been exchanged, Mr. Steinberg is awaiting samples of the CBD Cream which have been requested by HCRMG from Rejuvenol and will issue his report as soon as possible after he has had the opportunity to analyze and compare EcoNatura's and Rejuvenol's CBD Cream with that produced by HCRMG.

2) A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and may use to support its claims or defenses, unless the use would be solely for impeachment:

    A.    Email correspondence between HCRMG and EcoNatura, Rejuvenol and Medterra concerning the production, manufacturing, sale and shipment of the CBD Cream primarily based upon HCRMG's formula as well as discussions about other CBD-based products;

    B.    Purchase orders from HCRMG to EcoNatura for production of the CBD Cream for various HCRMG wholesale customers;

    C.    Mutual Non-Disclosure Agreement by and between NoXeno, EcoNatura and FoxFire Edibles, LLC executed in January, 2018;

    D.    Email correspondence between HCRMG and NoXeno concerning production issues with the CBD Cream produced by EcoNatura and manufactured by Rejuvenol primarily based upon HCRMG's formula;

    E.    HCRMG proposals to various wholesale customers regarding production of CBD Cream;

    F.    HCRMG invoices to various wholesale customers for CBD Cream and other CBD-based items and emails between HCRMG and its customers regarding same;

Rosenthal Rosenthal Rasco LLC
One Aventura, 20900 N.E. 30th Avenue, Suite 600, Aventura, Florida 33180
305.937.0300 / Fax: 305.937.1311

  G. Various NoXeno marketing materials for prospective investors;

  H. May 15, 2019 termination letter from NoXeno to Sam Genovese;

  I. Executed and unexecuted contractor/subcontractor agreements and non-disclosure agreements between HCRMG and various wholesale customers as well as EcoNatura;

  J. June 7, 2019 termination letter from EcoNatura to HCRMG.

All documents referenced above are currently located at HCRMG's principal business address and/or otherwise within the immediate possession, custody or control of HCRMG.

3) A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:

  A. Plaintiff's amended counts I and II seek damages for the Defendants' misappropriation of HCRMG's trade secret consisting of its CBD Cream formula. Damages available under the Florida Uniform Trade Secrets Act ("FUTSA", amended count I) and the federal Defend Trade Secrets Act ("DTSA", amended count II) include both HCRMG's actual losses caused by the misappropriation as well as the unjust enrichment to the Defendants that is not taken into account in computing actual losses to Plaintiff. *See* Florida Statutes §688.004(1) and 18 U.S.C. §1836(b)(3)(B)(i). Accordingly, HCRMG intends to seek an award of damages based upon both its actual losses caused by the misappropriation and any unjust enrichment to the Defendants which is not included in the calculation of Plaintiff's actual losses. HCRMG's actual losses will be calculated by multiplying its historical profit margin[1] on sales of the CBD Cream ($.75/3.4oz unit; $.50/1.7oz unit) by the number of sales of the CBD Cream by EcoNatura and Rejuvenol to Medterra. Plaintiff will therefore require discovery from Defendants reflecting such number of sales (to which Plaintiff is currently not privy) – both historical and projected - in order to enable HCRMG to calculate its lost profits. *See,*

---

[1] Plaintiff notes that its profit margins on the CBD Cream produced by EcoNatura and manufactured by Rejuvenol were premised upon the costs of production dictated by these Defendants without substantiation, despite repeated requests for same by HCRMG. As alleged in the amended complaint (at paragraphs 28 and 45), HCRMG therefore never had visibility into the basis for the costs being dictated by EcoNatura and Rejuvenol. Accordingly, HCRMG reserves the right to revise the calculation of its profit margins to the extent that discovery taken in this action reveals costs to EcoNatura and Rejuvenol for production and manufacturing of the CBD Cream which were lower than what these Defendants led HCRMG to believe.

{W0513600.1} 5

**Rosenthal Rosenthal Rasco LLC**
One Aventura, 20900 N.E. 30th Avenue, Suite 600, Aventura, Florida 33180
305.937.0300 / Fax: 305.937.1311

*e.g.*, Premier Lab Supply, Inc. v. Chemplex Industries, Inc., 94 So.3d 640, 645-46 (Fla. 4th DCA 2012) (loss of profits appropriate measure of damages for trade secret misappropriation); *see also* Shock v. Aerospace Integration Corp., 2009 WL 595923 at 5 (N.D.Fla. March 6, 2009) ("the 'disclosure provision [of Rule 26(a)(1)] applies only with respect to materials available to the party seeking monetary relief, *and where the materials necessary for the computation are not in this party's possession,' the disclosure requirement does not apply*" (emphasis added). HCRMG also intends to pursue an award of unjust enrichment damages based upon the Defendants' gross profits from sales of the CBD Cream to the extent such amounts were not included in the computation of HCRMG's actual losses. *See* Geodetic Services, Inc. v. Zhenghzou Sunward Technology Co., Ltd., 2014 WL 12620804 at 6 (M.D.Fla. April 4, 2014) (trade secret misappropriation unjust enrichment damages calculated via the defendant's gross profits from sales of the trade secret item). Again, HCRMG requires discovery from the Defendants concerning their gross profit margins on sales of the CBD Cream in order to calculate this aspect of Plaintiff's misappropriation damages. Alternatively, both FUTSA and DTSA contemplate awarding damages premised upon a reasonable royalty for the misappropriated trade secret. HCRMG may therefore seek damages based upon the reasonable royalty rate of 50% of the profit/unit of the CBD Cream, multiplied by the number of sales of the CBD Cream realized by the Defendants to the exclusion of HCRMG (for which Plaintiff requires discovery from Defendants).

    B.  Plaintiff's amended count III seeks recovery of damages for Medterra's, EcoNatura's and NoXeno's violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). FDUTPA permits the recovery of "actual damages" for violations of the statute. *See* Florida Statutes §501.211(2). "Actual damages" available under FDUTPA has been interpreted to encompass retrospective lost profits. *See* Factory Direct Tires, Inc. v. Cooper Tire & Rubber Company, 2011 WL 13117118 at 7 (N.D.Fla. Oct. 24, 2011) (reviewing Florida precedent holding that past lost profits already suffered by the plaintiff are recoverable under FDUTPA). Again, HCRMG will require discovery from Medterra, EcoNatura and NoXeno regarding the number of existing sales they made of the CBD Cream subsequent to HCRMG's exclusion from the business relationship and Plaintiff will multiply this figure by its historical profit margin of $.75/3.4oz unit; $.50/1.7oz unit to arrive at its calculation of past lost profits.

    C.  Plaintiff's amended count IV seeks damages premised upon EcoNatura's tortious interference with the preexisting business relationship between HCRMG and its former client/customer, Medterra. Damages available for tortious interference include lost profits. *See* KMS Restaurant Corp. v. Wendy's Intern., Inc., 194 Fed.Appx. 591, 601-02 (11th Cir.2006) ("lost profits was the correct measure of damages" for tortious interference which did not result in a total destruction of the plaintiff's business). HCRMG's lost profits will be calculated by multiplying its historical profit margin on sales of the CBD Cream ($.75/3.4oz unit; $.50/1.7oz unit) by the number of sales – both historical and projected – of the CBD Cream by EcoNatura to Medterra. Plaintiff will therefore require discovery from EcoNatura and Medterra reflecting such number of sales (to which Plaintiff is currently not privy) in order to enable HCRMG to calculate its lost profits.

{W0513600.1}    6

**Rosenthal Rosenthal Rasco LLC**
One Aventura, 20900 N.E. 30th Avenue, Suite 600, Aventura, Florida 33180
305.937.0300 / Fax: 305.937.1311

4) For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:

Not applicable as no Defendant is pursuing affirmative relief against HCRMG.

5) Plaintiff reserves the right to supplement, amend or otherwise modify the information contained in the foregoing disclosures as discovery progresses.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 12th day of March, 2020 I sent a true and correct copy of the foregoing via email to the following parties:

Eric Lee, Esq.
lee@leeamlaw.com
LEE & AMTZIS, P.L.
Counsel for Rejuvenol
5550 Glades Road, Suite 401
Boca Raton, FL 33431
Office (561) 981-9988

Barry E. Witlin, Esquire
barrywitlin@gmail.com
BARRY E. WITLIN, P.A.
Counsel for EcoNatura and NoXeno
7805 S. W. 6th Court
Plantation, Fl. 33324
Office (954) 473-4500
Cell    (954) 529-4800
Fax    (954) 473-1970

Adam T. Rabin, Esquire
arabin@mccaberabin.com
Robert C. Glass, Esquire
rglass@mccaberabin.com
MCCABE RABIN, P.A.
Counsel for Medterra
1601 Forum Place, Suite 201
West Palm Beach, FL 33401-8102
Phone: 561-659-7878

ROSENTHAL ROSENTHAL RASCO LLC
Counsel for Plaintiff
20900 N.E. 30th Ave., Suite 600
Aventura, FL 33180
Phone: 305-937-0300
Facsimile: 305-937-1311

By: /s/Steve M. Bimston
EDUARDO I. RASCO, ESQ.
Florida Bar No. 646326
eir@rrrlaw.com
STEVE M. BIMSTON, ESQ.
Florida Bar No. 179205
smb@rrrlaw.com