# Exhibit 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19- 81700-Civ-MIDDLEBROOKS/BRANNON

HEALTHCARE RESOURCES MANAGEMENT
GROUP, LLC, a Florida limited liability company,

    Plaintiff,

vs.

ECONATURA ALL HEALTHY WORLD, LLC, a
foreign limited liability company, MEDTERRA
CBD, LLC, a foreign limited liability company,
REJUVENOL LABORATORIES, INC., a foreign
corporation, and NOXENO HEALTH SCIENCES,
INC., a foreign corporation,

    Defendants.
_____/

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT
REJUVENOL LABORATORIES, INC.'S REQUEST FOR PRODUCTION**

Plaintiff, HEALTHCARE RESOURCES MANAGEMENT GROUP, LLC ("HCRMG"), by and through undersigned counsel, hereby responds and objects to Defendant, REJUVENOL LABORATORIES, INC.'S ("Rejuvenol") Request for Production propounded on February 26, 2020.

GENERAL RESPONSES AND OBJECTIONS

1.    HCRMG objects to Rejuvenol's Request for Production to the extent it seeks materials protected by the attorney/client and/or work product privileges.

2.    HCRMG objects to Rejuvenol's Request for Production to the extent it is not reasonably calculated to lead to the discovery of admissible evidence and/or not relevant to the claims and defenses at issue in the case at bar.

3.    HCRMG objects to Rejuvenol's Request for Production to the extent it is

overbroad, vague, ambiguous, unduly burdensome and/or harassing.

4. HCRMG objects to Rejuvenol's Request for Production to the extent it purports to impose obligations which exceed the parameters of the applicable Federal Rules of Civil Procedure.

5. An indication that certain documents have been or will be produced shall be construed only as meaning that responsive documents, if any, would be included within such production to the extent same exist and are within Plaintiff's possession, custody or control, and not that responsive documents do in fact exist or that Plaintiff does in fact have possession, custody or control of same.

6. As discovery is ongoing, Plaintiff reserves the right to supplement these responses and/or the document production pursuant thereto.

7. The following responses are made subject to, and without waiver of, the foregoing objections.

## RESPONSES

1) Contracts or Agreements between the Plaintiff and any Defendant.

   **Response:** HCRMG will produce any responsive documents within its possession, custody or control.

2) Communications between Plaintiff and any Defendant pertaining to Plaintiff's alleged trade secrets, the formulas for Plaintiff's products, orders, invoices, sales, complaints regarding product, ingredients, packaging, and advertising.

   **Response:** HCRMG will produce any responsive documents within its possession, custody or control.

3) Confidentiality or Nondisclosure Agreements between Plaintiff and any third parties pertaining to its products, formulas, or trade secrets.

**Response**:   HCRMG will produce any responsive documents within its possession, custody or control.

4) Confidentiality or Nondisclosure Agreements between Plaintiff and its employees.

**Response**:   HCRMG will produce any responsive documents within its possession, custody or control.

5) Confidentiality or Nondisclosure Agreements between Plaintiff and any Defendant.

**Response**:   HCRMG will produce any responsive documents within its possession, custody or control.

6) Plaintiff's confidentiality policies.

**Response**:   HCRMG will produce any responsive documents within its possession, custody or control.

7) Product sales projections/forecasts of Plaintiff beginning in 2016.

**Response**:   HCRMG will produce any responsive documents within its possession, custody or control.

8) Market/marketing studies, business/sales/marketing plans and presentations (e.g., PowerPoint presentations prepared for internal use or presentation to customers), strategic plans, SWOT analyses, competitive analyses, etc. associated with the product(s) at issue.

**Response**:   HCRMG will produce any responsive documents within its possession, custody or control.

9) Internal/external correspondence regarding product activity, sales levels, customer matters, related to the product(s) at issue.

**Response**:   HCRMG will produce any responsive documents within its possession, custody or control.

10) Surveys, focus group testing, or other 3rd party feedback associated with the product(s) and/or specific product features at issue.

**Response**: HCRMG will produce any responsive documents within its possession, custody or control.

11) Annual catalogs, price lists, product brochures, press releases, advertising materials, trade meeting/show materials, and promotional catalogs associated with the product(s) at issue.

**Response**: HCRMG will produce any responsive documents within its possession, custody or control.

12) Internal and/or 3rd party market studies, market share calculations, competitor analyses, associated with the product(s) at issue.

**Response**: HCRMG will produce any responsive documents within its possession, custody or control.

13) Third party sales data associated with the product(s) at issue (e.g., market share data purchased from 3rd party providers).

**Response**: HCRMG will produce any responsive documents within its possession, custody or control.

14) Documents identifying the internal sales force, geographic sales territories, customer geographies, independent sales distributors, distribution contracts, etc. This should include any and all capacity documents/reports related to the production, co-packing, sale, and/or shipping of the product(s) at issue.

**Response**: HCRMG will produce any responsive documents within its possession, custody or control.

15) 2016 through YTD 2020 monthly net sales (i.e., after returns, discounts, allowances), by product, contract, etc., including both units and dollars associated with the product(s) at issue. This information should also identify product category/family, customer, customer location, region, and sales consultant (if applicable).

> **Response:** HCRMG will produce any responsive documents within its possession, custody or control.

16) 2016 through YTD 2020 listing of all awarded sales contracts/Purchase Orders ("POs") including, but not limited to, contract date, contract number, customer, specific contract elements (e.g., testing, monitoring, equipment, contract duration, revenue/value per contract element, total contract revenue/value, cost per contract element, total contract cost, profit per contract element, total contract profit, and any/other contract financial metrics considered in the ordinary course of business. In the event contracts are not completed, amounts should be provided for both the total anticipated contract and actual amounts recognized to date.

> **Response:** Objection, overbroad, not reasonably calculated to lead to the discovery of admissible evidence. HCRMG has no objection to producing documents which may be responsive to this Request and which specifically pertain to the product(s) embodying the trade secret at issue. However, HCRMG interprets this Request as drafted to seek documents which relate to the entirety of HCRMG's business activities. Plaintiff therefore objects to this Request to the extent it seeks documents beyond those specifically pertaining to the product(s) embodying the trade secret at issue because the requested information constitutes financial net worth discovery about which HCRMG maintains a reasonable expectation of privacy. Moreover, Rejuvenol has not asserted any affirmative claims against HCRMG and is not seeking punitive damages. Rejuvenol therefore has no need for financial discovery beyond that pertaining to the costs and revenues derived from the trade secret product(s) at issue, and undersigned counsel will confer with counsel for Rejuvenol in an effort to appropriately narrow the scope of this Request.

17) Annual summaries of sales discounts, returns and allowances associated with the product(s) at issue.

> **Response:** HCRMG will produce any responsive documents within its possession, custody or control.

18) Documents pertaining to product costs (e.g., COGS) for the product(s) at issue. This includes, but is not limited to, information outlining production costs, material costs, labor costs, fixed costs, and variable costs.

**Response:**   HCRMG will produce any responsive documents within its possession, custody or control.

19)   Documents referring or relating to cost variances (e.g., price, quantity, labor) for the product(s) at issue.

**Response:**   HCRMG will produce any responsive documents within its possession, custody or control.

20)   Last three year monthly and annual division, product, and/or corporate Profit & Loss statements. This should include individual line item detail (e.g., all cost line items including, but not limited to, Commission Expense, Payroll Taxes and Benefits, Administrative Salaries and Bonuses).

**Response:**   Objection, overbroad, not reasonably calculated to lead to the discovery of admissible evidence. HCRMG has no objection to producing documents which may be responsive to this Request and which specifically pertain to the product(s) embodying the trade secret at issue. However, HCRMG interprets this Request as drafted to seek documents which relate to the entirety of HCRMG's business activities. Plaintiff therefore objects to this Request to the extent it seeks documents beyond those specifically pertaining to the product(s) embodying the trade secret at issue because the requested information constitutes financial net worth discovery about which HCRMG maintains a reasonable expectation of privacy. Moreover, Rejuvenol has not asserted any affirmative claims against HCRMG and is not seeking punitive damages. Rejuvenol therefore has no need for financial discovery beyond that pertaining to the costs and revenues derived from the trade secret product(s) at issue, and undersigned counsel will confer with counsel for Rejuvenol in an effort to appropriately narrow the scope of this Request.

20)[*sic*]   Last three years (and current YTD) financial statements, annual reports, annual income tax filings, corporate filings.

**Response:**   Objection, overbroad, not reasonably calculated to lead to the discovery of admissible evidence. The requested information constitutes financial net worth discovery about which HCRMG maintains a reasonable expectation of privacy. Moreover, Rejuvenol has not asserted any affirmative claims against HCRMG and is not seeking punitive damages. Rejuvenol therefore has no need for unlimited financial discovery pertaining to all of HCRMG's business activities.

21) All documents related to product customization for specific customers identifying the customized elements, customer, and the related sales, cost, and profitability associated with the customized elements or final customized solution.

**Response**: Objection, overbroad, not reasonably calculated to lead to the discovery of admissible evidence. HCRMG has no objection to producing documents which may be responsive to this Request and which specifically pertain to the product(s) embodying the trade secret at issue. However, HCRMG interprets this Request as drafted to seek documents which relate to the entirety of HCRMG's business activities. Plaintiff therefore objects to this Request to the extent it seeks documents beyond those specifically pertaining to the product(s) embodying the trade secret at issue because the requested information constitutes financial net worth discovery about which HCRMG maintains a reasonable expectation of privacy. Moreover, Rejuvenol has not asserted any affirmative claims against HCRMG and is not seeking punitive damages. Rejuvenol therefore has no need for financial discovery beyond that pertaining to the costs and revenues derived from the trade secret product(s) at issue, and undersigned counsel will confer with counsel for Rejuvenol in an effort to appropriately narrow the scope of this Request.

22) Plaintiff's wholesale pricing matrix.

**Response**: HCRMG will produce any responsive documents within its possession, custody or control.

23) Plaintiff's ingredient list and formula for CBD Cream.

**Response**: HCRMG will produce any responsive documents within its possession, custody or control.

24) Documents pertaining to any tests by independent laboratories of products manufactured by the Defendants.

**Response**: HCRMG will produce any responsive documents within its possession, custody or control.

Case 9:19-cv-81700-DMM   Document 59-4   Entered on FLSD Docket 07/20/2020   Page 9 of 9

8

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 27th day of March, 2020 I sent a true and correct copy of the foregoing via email to the following parties:

Eric Lee, Esquire
lee@leeamlaw.com
LEE & AMTZIS, P.L.
Counsel for Rejuvenol
5550 Glades Road, Suite 401
Boca Raton, FL 33431
Office (561) 981-9988

Barry E. Witlin, Esquire
barrywitlin@gmail.com
BARRY E. WITLIN, P.A.
Counsel for EcoNatura and NoXeno
7805 S. W. 6th Court
Plantation, Fl. 33324
Office (954) 473-4500
Cell   (954) 529-4800
Fax   (954) 473-1970

Adam T. Rabin, Esquire
arabin@mccaberabin.com
Robert C. Glass, Esquire
rglass@mccaberabin.com
MCCABE RABIN, P.A.
Counsel for Medterra
1601 Forum Place, Suite 201
West Palm Beach, FL 33401-8102
Phone: 561-659-7878

      ROSENTHAL ROSENTHAL RASCO LLC
      Counsel for Plaintiff
      20900 N.E. 30th Ave., Suite 600
      Aventura, FL 33180
      Phone: 305-937-0300
      Facsimile: 305-937-1311

      By:    /s/Steve M. Bimston
             EDUARDO I. RASCO, ESQ.
             Florida Bar No. 646326
             eir@rrrlaw.com
             STEVE M. BIMSTON, ESQ.
             Florida Bar No. 179205
             smb@rrrlaw.com