# Exhibit 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 19- 81700-CIV-MIDDLEBROOKS/BRANNON

HEALTHCARE RESOURCES
MANAGEMENT GROUP, LLC,

    Plaintiff,

v.

ECONATURA ALL HEALTHY
WORLD, LLC, MEDTERRA CBD, LLC,
REJUVENOL LABORATORIES, INC.,
and NOXENO HEALTH SCIENCES, INC.,

    Defendants.
_____/

**DEFENDANT MEDTERRA CBD, LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Medterra CBD, LLC, pursuant to Rule 34, serves the following Request for Production of Documents on Plaintiff Healthcare Resources Management Group, LLC, and requests a response within thirty (30) days.

**Definitions**

The following definitions apply to each of the requests for production:

1.    "Amended Complaint" shall mean the Amended Complaint filed by Plaintiff Healthcare Resources Management Group, LLC in this case on or about January 6, 2020.

2.    "CBD Cream" shall carry the meaning set forth in paragraph 19 of the Amended Complaint and shall specifically refer to the purportedly proprietary formulation for cannabidiol-based pain cream produced by Plaintiff Healthcare Resources Management Group, LLC.

1

3. "Communication(s)" means every manner or means of disclosure, transfer or exchange of information in the form of facts, ideas, inquiries or otherwise, whether oral or written, or whether face-to-face, by telephone, telecopier, mail, e-mail, SMS, MMS, Facebook, Twitter, social media, facsimile, personal delivery, overnight delivery or otherwise.

4. "Copy" or "copies" means, when used in reference to a document, any color or black-and-white facsimile reproduction of a document, regardless of whether the facsimile reproduction is made by means of carbon paper, pressure sensitive paper, xerography, or other means or process.

5. "Defendants" shall mean Medterra, EcoNatura, Rejuvenol Laboratories, Inc., and NoXeno Health Sciences, Inc.

6. "Document" shall mean any of the items identified in Rule 34(a)(1)(A). The term "document" shall include electronically stored information ("ESI").

7. "EcoNatura" shall mean Defendant EcoNatura All Healthy World, LLC.

8. "Medterra" shall mean Defendant Medterra CBD, LLC.

9. "Pharmalieve CBD Cream" shall mean the cannabidiol-based pain cream Plaintiff Healthcare Resources Management Group, LLC sells under the Pharmlieve brand.

10. "Use" or the past-tense form "used" shall carry the same meaning as the word "use" in paragraphs 64 and 74 of the Amended Complaint.

11. "You," "your," or "HCRMG" shall mean Plaintiff Healthcare Resources Management Group, LLC, its managers, managing members, officers, agents, employees, assignors, or representatives of any of the foregoing, including all persons acting or purporting to act on its behalf.

## Instructions

A. The documents and other things produced pursuant to these Requests specifically embrace, in addition to documents within your possession, custody, or control, all documents within the possession, custody, and control of any of Your accountants, affiliates, agents, employees, former attorneys, or representatives over which or whom You have or had control, and any other person acting on Your behalf, including Your present attorneys, their employees or investigators.

B. The fact that a document has or will be produced by another party does not relieve You of the obligation to produce the document which is in Your possession, custody, or control, even if the two documents are identical in all respects.

C. Pursuant to Rule 26(e), You are under a duty to supplement any response to these requests for production that You learn is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to Plaintiff during discovery or in writing. If You subsequently discover or obtain possession, custody, or control of any document which Plaintiff has previously requested, however, has not been produced, You shall promptly make such document available.

D. Pursuant to Rule 34(b)(2)(E) and Local Rule 26.1(e)(4), You are requested to label and organize any documents and ESI to correspond to each request to which they are responsive.

E. Pursuant to Local Rule 26.1(e)(5), the documents should be Bates-stamped sequentially, with a unique number on each page.

F. To the extent You produce e-mails, You are requested to produce the e-mails in one of the following file formats: searchable .pdf; .mbox; .msg; or .eml.

G.      If any document responsive to any of these Requests is withheld from production based on a claim of privilege or confidentiality, please provide the information required by Local Rule 26.1€(2).

H.      The Relevant Time Period for these Requests shall be from January 1, 2018, to the present, unless otherwise specified in the request.

## Requests

1.      A copy of the fully executed Mutual Non-Disclosure Agreement identified in paragraph 16 of the Amended Complaint.

2.      Documents identifying the "other wholesale customers" identified in paragraph 24 of the Amended Complaint.

3.      Every purchase order You sent to EcoNatura for production of the CBD Cream "on behalf of Medterra as well as other wholesale customers," as alleged in paragraph 23 of the Amended Complaint.

4.      Every purchase order You sent to EcoNatura for production of CBD Cream for Your Pharmalieve brand, as alleged in paragraph 23 of the Amended Complaint.

5.      Every complaint You received regarding the packaging for the CBD Cream, as alleged in paragraph 25 of the Amended Complaint.

6.      Every complaint You received regarding "labeling problems," as alleged in paragraph 27 of the Amended Complaint.

7.      Documents substantiating Your contention in paragraph 28 of the Amended Complaint that Medterra "believed HCRMG's product to be of superior quality."

8. The e-mail in which "Genovese specifically reminded Medterra in his November 14th email that the CBD Cream was primarily based upon HCRMG's proprietary formula," as alleged in paragraph 34 of the Amended Complaint.

9. A copy of the e-mail identified in paragraph 36 of the Amended Complaint.

10. A copy of the e-mail identified in paragraph 50 of the Amended Complaint.

11. Documents supporting Your contention that "Medterra continues to sell the CBD Cream produced by EcoNatura and manufactured by Rejuvenol using in substantial part HCRMG's proprietary formula," as alleged in paragraph 56 of the Amended Complaint.

12. Documents supporting Your contention that Medterra has "reaped hundreds of thousands (if not millions) of dollars from the sale thereof," as alleged in paragraph 56 of the Amended Complaint.

13. Documents supporting Your contention in paragraphs 52 and 62 of the Amended Complaint that You "entrusted Medterra" with "highly sensitive confidential information including, without limitation, the formula for HCRMG's proprietary CBD Cream."

14. The "highly sensitive confidential information" You contend in paragraphs 52 and 62 of the Amended Complaint that You provided to Medterra.

15. Documents identifying the date and the representative of Medterra to whom You claim You "entrusted" the "highly sensitive and confidential information" in paragraphs 52 and 62 of the Amended Complaint.

16. Documents showing that Medterra had a duty or responsibility to keep secret any of the "highly sensitive confidential information" You identify in paragraphs 52 and 62 of the Amended Complaint.

17.     Documents supporting your contention in paragraphs 64 and 74 of the Amended Complaint that Medterra has "use[d]" Your "formula" for the CBD Cream.

18.     A complete list of ingredients in Your CBD Cream.

19.     The "formula" for Your CBD Cream, including the order of mixture and the temperature of the ingredients at the time of mixture, and any other salient information.

20.     A complete list of the ingredients in the CBD Cream Medterra buys from EcoNatura.

21.     Documents supporting Your contention that Medterra "willfully and maliciously" used Your formula for the CBD Cream, as alleged in paragraphs 65 and 75 of the Amended Complaint.

22.     Documents supporting Your contention that Medterra was "acutely aware of the highly sensitive and confidential nature of the formula," as alleged in paragraphs 65 and 75 of the Amended Complaint.

23.     Documents substantiating the damages You claim You have suffered in paragraphs 66 and 76 of the Amended Complaint.

24.     Documents supporting your claim in paragraph 81 of the Amended Complaint that You "emphasized to Medterra that EcoNatura was HCRMG's subcontractor and that any communications between Medterra and EcoNatura needed to be disclosed to HCRMG."

25.     Documents substantiating Your claim that Medterra "engaged in unfair methods of competition," as alleged in paragraph 83 of the Amended Complaint.

26.     Documents substantiating Your claim that Medterra engaged in "unconscionable acts or practices," as alleged in paragraph 83 of the Amended Complaint.

27. Documents substantiating Your claim that Medterra engaged in "unfair or deceptive acts or practices in the conduct of a trade or commerce," as alleged in paragraph 83 of the Amended Complaint.

28. Documents substantiating the actual damages You claim You have suffered in paragraph 84 of the Amended Complaint.

29. Any contracts between You and Medterra.

30. Any communications between You and Medterra.

31. Any non-disclosure or confidentiality agreements between You and any of the other Defendants in this case.

32. Any non-disclosure or confidentiality agreements between You and any of Your employees.

33. Any non-disclosure or confidentiality agreements between You and any of the "other wholesale customers" identified in paragraph 24 of the Amended Complaint.

34. Any non-disclosure or confidentiality agreements between You and any third-party subcontractor involved in the manufacturing of Your CBD Cream.

35. Any documents referenced in response to any of Medterra's First Set of Interrogatories to Plaintiff.

36. All communications between You and EcoNatura referencing Medterra.

37. All communications between You and Rejuvenol referencing Medterra.

38. All communications between You and NoXeno referencing Medterra.

39. All non-privileged communications between You and any third party referencing Medterra.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 2, 2020, the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via email.

    /s Robert C. Glass
Adam T. Rabin
Fla. Bar No. 985635
arabin@mccaberabin.com
Robert C. Glass
Fla. Bar No. 052133
rglass@mccaberabin.com
**MCCABE RABIN, P.A.**
1601 Forum Place, Ste. 201
West Palm Beach, FL 33401
561.659.7878

SERVICE LIST

Healthcare Resources Management Group, LLC
v.
Econatura All Healthy World, LLC, *et al.*

U.S. District Court, Southern District of Florida
No. 9:19-CV81700-DMM/DLB

Eduardo I. Rasco
eir@rrrlaw.com
Steve Michael Bimston
smb@rrrlaw.com
Rosenthal Rosenthal Rasco LLC
20900 N.E. 30th Avenue, Ste. 600
Aventura, FL 33180
*Counsel for Plaintiff*

Adam T. Rabin
arabin@mccaberabin.com
e-filing@mccaberabin.com
Robert C. Glass
rglass@mccaberabin.com
McCabe Rabin, P.A.
1601 Forum Place, Ste. 201
West Palm Beach, FL 33401
561.659.7878
*Counsel for MedTerra CBD, LLC*

Eric Lee
lee@leeamlaw.com
Lee & Amtzis, P.L.
5550 Glades Road, Ste. 401
Boca Raton, FL 33431
*Counsel for Rejuvenol Laboratories, Inc.*

Barry E. Witlin
barrywitlin@gmail.com
witlinlaw@gmail.com
Barry W. Witlin, P.A.
7805 SW 6th Court
Plantation, FL 33324
*Counsel for Econatura All Healthy World, LLC
and Noxeno Health Sciences, Inc.*

9